M. A. CARTER, *as Administratrix of the Estate of S. F. Carter, deceased*, v. JOHN S. CHRISTIE.

1. TESTIMONY, *Not Expert Evidence.* Where a party to an action upon the trial of such action testifies as to the services rendered for which suit is brought, and is then permitted to testify as to the value of such services, *held*, not error, and that the testimony is not in the nature of an opinion or of expert evidence.

2. JUDGMENT — *Limit.* The trial court can render no greater judgment than the amount found by the verdict of the jury. (*Educational Assoc'n v. Hitchcock*, 4 Kas. 36.)

MEMORANDUM.—Error from Marion district court; FRANK DOSTER, judge. Action by John S. Christie against M. A. Carter, as administratrix of the estate of S. F. Carter, deceased, for services rendered. Plaintiff recovered judgment. Defendant brings the case here. Modified. · The material facts are stated in the opinion, filed October 23, 1895.

*Jetmore & Jetmore*, for plaintiff in error.

*Keller & Dean*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : On July 8, 1887, one S. F. Carter died in Marion county, and, shortly after his death, his widow, M. A. Carter, and his business partner, John S. Christie, were appointed by the probate court of said county to administer upon his estate. In July, 1889, Christie resigned as administrator, and filed his final report in the office of the probate court of said county, in which report he charged the estate with the sum of $500 for his services as such administrator. This claim was resisted by the estate, and, upon a hearing, was allowed, whereupon an appeal was taken from said allowance to the district court,

where the question was submitted to the court and a jury, and the jury returned a verdict for Christie for the sum of $200, and the court rendered judgment upon said verdict for said sum, with interest and costs. The administratrix brings the case here for review.

The principal contention between the parties to this cause seems to be that, upon the one hand it is claimed Christie was appointed as one of the administrators at his own request, and in consideration of his agreement, claimed to have been made with the plaintiff in error, that he would charge the estate nothing for his services. Upon the other hand this agreement is denied except as it applied to certain portions of the business to be transacted, and the evidence at the trial was almost wholly directed to this point. The jury seem to have accepted the theory of the administrator, and there was an abundance of proof to sustain his theory. While this court may feel that under the evidence the plaintiff in error seemed to have the stronger case, yet the rule is too well settled to admit of discussion that this court will not review a question of fact where there is evidence to support the finding of the jury.

The plaintiff in error contends that illegal evidence was admitted by the trial court in this, that it is claimed the defendant in error was permitted to give his opinion as to the value of his services as administrator without having shown himself competent as an expert to give such opinion. We do not so read the record. The defendant in error was examined in detail as to the amount of the services performed, their nature and the value of the estate handled by him. He was then asked what his services were worth. This we think was proper, and the natural manner of proving his claim.

Vincent v. Davidson.

It is further claimed that under the special findings of the jury the defendant in error was not entitled to judgment. We have examined the special findings, and find them consistent with the general verdict and with each other, and can see no error in the court rendering judgment for defendant in error thereon.

It is further claimed by plaintiff in error that the judgment in this case is not supported by the verdict of the jury. The verdict was rendered January 5, 1891, for $200, and the court in rendering judgment added "with interest thereon from the 6th day of October, 1890." No claim was made for interest and no instructions given the jury upon that point. Under this state of facts the court could not take the question of interest into account in rendering judgment, and add such interest to the amount stated in the verdict. We do not think, however, this should reverse this case, this being the only error we find in the record.

This cause is remanded, with instructions to the district court of Marion county to modify the judgment so as to conform to the verdict. In all other particulars the judgment is affirmed. The costs of this court will be equally divided between the parties.

All the Judges concurring.