[Crim. No. 348. Second Appellate District.—January 15, 1915.]

## THE PEOPLE, Respondent, v. WILLIAM WILSON, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—ABSENCE OF WITNESS AT TRIAL —ADMISSIBILITY OF TESTIMONY AT FORMER TRIAL.—In this prosecution for murder, in which the defendant was convicted of manslaughter, there was no error in admitting the testimony of a certain witness given at a former trial, where the return made by the sheriff showing his inability to find the witness and serve a subpoena upon him, and the testimony of the sheriff upon the same matter, were sufficient to support the ruling of the judge that due diligence had been shown and that the witness could not be found within the state. This was a subject to be determined within the discretion of the trial judge, and since there was evidence to support his conclusion, the ruling cannot be disturbed.

ID.—AMENDMENT OF 1911 TO SECTION 686 PENAL CODE—CONSTITUTIONALITY OF.—Admission of such evidence is permitted by subdivision 3 of section 686 of the Penal Code, as amended in 1911, and this section as amended is not in conflict with section 13 of article I of the constitution of the state of California, nor are the provisions of the sixth amendment to the constitution of the United States, concerning the right of an accused person to be confronted with the witnesses against him, applicable.

ID.—INSTRUCTIONS—MOTIVE FOR CRIME.—In such a case an instruction that "the evidence or nonevidence of a motive for the commission of the crime charged in this case is an important question of fact which must be considered by you with all of the evidence in this

case as a circumstance tending to show the guilt or innocence of the accused," and that "in criminal cases the proof of the moving cause is permissible, and oftentimes valuable, but it is never essential," is not in violation of article VI of section 19 of the constitution, which forbids judges to charge juries with respect to matters of fact.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, and A. B. Bigler, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant having been convicted of the crime of manslaughter, appeals from the judgment.  The facts shown by the evidence at the trial of this case are substantially the same as indicated in the statement made by this court on a former appeal and contained in 23 Cal. Appellate Reports, at page 513 et seq. [138 Pac. 971].

The errors which led to a reversal after the former trial have not been repeated at the last trial, and it is only necessary to consider points urged with respect to matters newly arising in the present record.

The court did not err in admitting in evidence the testimony of Seth Traut as given at the former trial.  The return made by the sheriff showing his inability to find Mr. Traut and serve a subpoena upon him, and the testimony of the sheriff on the same matter, were sufficient to support the ruling of the judge that due diligence had been shown and that the witness could not be found within the state.  This was a subject to be determined within the discretion of the trial judge, and since there was evidence to support his conclusion, the ruling cannot be disturbed.  (*People* v. *Lederer*, 17 Cal. App. 374, [119 Pac. 949].)

The admission of this evidence is permitted by subdivision 3 of section 686 of the Penal Code, as amended in 1911.  It must be held, in harmony with former decisions involving the same principle, that the section as amended is not in conflict with section 13 of article I of the constitution of the state of California.  (*People* v *Sierp*, 116 Cal. 249, [48 Pac.

88]; *People* v. *Clark,* 151 Cal. 201, 204, [90 Pac. 549].) The provisions of the sixth amendment to the constitution of the United States concerning the right of an accused person to be confronted with the witnesses against him are not applicable here. "The fifth and sixth amendments of the constitution of the United States are restrictive of the powers of the federal government and not restraints upon the states." (*Davis* v. *Texas,* 139 U. S. 651, 653, [35 L. Ed. 300; 11 Sup. Ct. Rep. 675]; *Brown* v. *New Jersey,* 175 U. S. 174, 44 L. Ed. 119, [20 Sup. Ct. Rep. 77].) We are of opinion that this conclusion is not affected by the statement contained in section 1897 of the Code of Civil Procedure, that the written law of this state is "contained in its constitution and statutes, and in the constitution and statutes of the United States."

Objection is made to the thirtieth instruction given to the jury, which reads as follows:

"The evidence or nonevidence of a motive for the commission of the crime charged in this case is an important question of fact which must be considered by you with all of the evidence in this case as a circumstance tending to show the guilt or innocence of the accused.

"The failure of a proof of motive, if there has been such a failure in this case, is a circumstance in favor of the innocence of the defendant; and if you find upon a careful examination of all the evidence that it fails to show any motive, cause, or reason on the part of the defendant for the killing of the deceased, Thomas Wilson, if you find beyond a reasonable doubt that the said Thomas Wilson was killed, then you must consider that fact in determining the guilt or innocence of the defendant.

"In criminal cases the proof of the moving cause is permissible, and oftentimes valuable, but it is never essential. Where the perpetration of the crime has been brought home to the defendant, the motive for its commission becomes unimportant. Evidence of motive is sometimes of assistance in removing doubt and completing proof which might otherwise be unsatisfactory—and that motive may be shown by positive evidence or gleaned from the facts and surroundings of the act; then proof of the motive becomes a circumstance, but nothing more than a circumstance to be considered by the jury, and its absence is equally a circumstance in favor of the

accused, to be given such weight as the jury deems proper. But proof of motive is never indispensable in a criminal case.

It is claimed that in stating that the evidence or nonevidence of a motive for the commission of the crime was an important question of fact, and in the further statement that in criminal cases the proof of the moving cause is never essential, the instruction is in violation of article VI of section 19 of the state constitution, which forbids judges to charge juries with respect to matters of fact. We think that the instruction is not subject to such objection. It did not in any manner indicate to the jury any opinion of the judge as to whether a motive for the alleged crime had or had not been shown, but it did fairly define the purposes for which evidence having reference to a possible motive had been received and should be considered.

Error is claimed in the court's refusal to give certain instructions requested by the defendant, which on examination we find are substantially contained in other instructions which were given. The remaining matters presented in the argument are of minor importance, or involve propositions which do not seem to require further discussion.

The judgment is affirmed.

James, J., and Shaw, J., concurred.