[Crim. No. 1398.  Second Appellate District, Division One.—November 4, 1926.]

## THE PEOPLE, Respondent, v. LOUIS WALLACH, Appellant.

[1] CONSTITUTIONAL LAW — JUDICIAL AFFAIRS — STATE'S RIGHTS.— The first ten amendments of the federal constitution, so far as they relate to judicial affairs, deal only with proceedings in the courts of the United States, and are not concerned with state action.

[2] CRIMINAL LAW — PROCEDURE — INDICTMENTS — INFORMATION — AMENDMENT.—Prosecutions for felonies in this state are governed, so far as the mode of prosecution is concerned, by the constitution of this state, which in section 8 of article I provides for prosecutions either by information or by indictment; and the Penal Code, in conformity with such constitutional provision, outlines the procedure of prosecution by indictment, as well as by information, and allows the amendment of indictments in the manner indicated by section 1008 of the Penal Code.

[3] ID.—SUFFICIENCY OF INDICTMENT — AMENDMENT — JUDGMENT — ERROR WITHOUT PREJUDICE.—The Penal Code does not attempt and constitutionally is not permitted to authorize the conviction of a defendant under an indictment which does not charge a public offense, and it does not allow such conviction upon an indictment changed by the court so that it no longer charges the offense which was charged against the defendant in the indictment as returned by the grand jury; but, subject to these limitations, a judgment of conviction may be based upon an indictment which has been amended by the court, and a conviction under such an amended indictment, not violating any provision of the constitution of the state, will be sustained notwithstanding any error as to any matter of pleading, or any error as to any matter of procedure, unless it is made to appear that the error complained of resulted in a miscarriage of justice.

[4] ID.—BURGLARY—PRIOR CONVICTION—SEVERITY OF PUNISHMENT— PLEADING—AMENDMENT.—In a prosecution for burglary, the inclusion in the indictment of an allegation that the defendant was convicted of burglary in a sister state does not change the definition or character of the second offense, but is for the purpose of bringing the case within the terms of sections 667 and 668

1.  See 5 Cal. Jur. 868; 14 R. C. L. 153.
2.  See 14 Cal. Jur. 10; 14 R. C. L. 154.
3.  See 14 Cal. Jur. 91.

of the Penal Code and thereby subjecting the defendant to imprisonment for the maximum period for which he might be sentenced if it had been his first offense; and the amendment of such indictment by striking therefrom all reference to the prior conviction does not so change the indictment that it no longer represents an indictment of the grand jury.

[5] ID.—IDENTIFICATION OF DEFENDANT—EVIDENCE.—In this prosecution for burglary, the testimony of the watchman who unlocked a door and went into the place while the burglars were in the building, and who saw the intruders and directly identified defendant as one of them, was sufficient to sustain the verdict of conviction as against the objection that the evidence was not sufficient to connect defendant with the alleged burglary.

[6] ID.—BURDEN OF PROOF—PRESUMPTION OF INNOCENCE—REASONABLE DOUBT—OPPORTUNITY—INSTRUCTIONS.—In such prosecution, the court having fully instructed the jury upon the burden of proof resting upon the prosecutor, the presumption of innocence, and the right of the defendant to an acquittal if there remained any reasonable doubt of his guilt, defendant was not prejudiced by the failure of the court to give two of defendant's requested instructions, one relating to the presumptions of innocence and the doctrine of reasonable doubt, and the other that evidence, tending to prove opportunity for the commission of the offense does not, in itself, warrant the jury in finding the defendant guilty.

---

(1) 12 C. J., p. 744, n. 94. (2) 31 C. J., p. 566, n. 11, 15, p. 570, n. 87, p. 824, n. 51. (3) 17 C. J., p. 287, n. 52, p. 368, n. 5; 31 C. J., p. 829, n. 46, 47, 49. (4) 31 C. J., p. 735, n. 84, 85, p. 829, n. 49. (5) 9 C. J., p. 1074, n. 8, p. 1075, n. 13. (6) 9 C. J., p. 1088, n. 28; 16 C. J., p. 1063, n. 85.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles S. Burnell, Judge.

The facts are stated in the opinion of the court.

William M. Morse, Jr., for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The indictment as presented by the grand jury, accused the defendant "of the crime of burglary, a felony (with a prior conviction of an offense punishable

by imprisonment in the state prison of California, committed in the state of New York, to-wit: burglary)''; and then alleged in direct terms the conviction of defendant in the supreme court of the state of New York of the crime of burglary, and his imprisonment therefor; and that thereafter in the county of Los Angeles, California, the defendant did wilfully, etc. (here stating certain acts constituting the crime of burglary), the defendant being then and there armed with a deadly weapon, to wit, a revolver.

At the trial of this action and before the jury was impaneled or sworn, on motion of the district attorney, and after counsel for defendant had stipulated that the motion might be granted, the court struck out from the indictment that portion thereof which alleged the prior conviction of the defendant of the crime of burglary in the state of New York. Appellant now contends that the indictment as so changed was no longer an indictment of the grand jury, and that there was no instrument before the court charging appellant with any offense for which he could be tried.

By section 1008 of the Penal Code it is provided that an indictment or information may be amended at any time after plea, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. ''An indictment cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination.'' The argument presented by counsel for appellant is to some extent based upon decisions of the federal courts, in cases arising in those courts, wherein the decisions against the power of the court to allow amendments to indictments without the concurrence of the grand jury were based upon the fifth amendment of the constitution of the United States. [1] These decisions may be at once eliminated from consideration, for the reason that the fifth amendment, and, indeed, all of the first ten amendments of that constitution, are not concerned with state action. So far as they relate to judicial affairs, they deal only with proceedings in the courts of the United States. (*People* v. *Wilson*, 26 Cal. App. 336 [146 Pac. 1048]; *Minneapolis etc. Co.* v. *Bombolis*, 241 U. S. 211 [Ann. Cas. 1916E, 505, L. R. A. 1917A, 86, 60 L. Ed. 961, 36 Sup. Ct. Rep. 595, see, also, Rose's U. S. Notes].)

[2] Prosecutions for felonies in this state are governed, so far as the mode of prosecution is concerned, by the constitution of the state, which in section 8 of article I provides for prosecutions either by information or by indictment. The Penal Code, in conformity with the constitution, outlines the procedure of prosecution by indictment, as well as by information, and allows the amendment of indictments in the manner indicated by section 1008 of the Penal Code, to which we have before referred. [3] It may be conceded that the code does not attempt and constitutionally is not permitted to authorize the conviction of a defendant under an indictment which does not charge a public offense, and does not allow such conviction upon an indictment changed by the court so that it no longer charges the offense which was charged against the defendant in the indictment as returned by the grand jury. Subject to these limitations, however, a judgment of conviction may be based upon an indictment which has been amended by the court. A conviction under such an amended indictment, not violating any provision of the constitution of the state, will be sustained notwithstanding any error as to any matter of pleading, or any error as to any matter of procedure, unless it is made to appear that the error complained of resulted in a miscarriage of justice. (Const., Cal., art. VI, sec. 4½.)

[4] The indictment as amended clearly charges the commission by the defendant of the crime of burglary. But the defendant claims, not only that there is not remaining a statement of facts sufficient to constitute a public offense, but also that the indictment when amended was no longer an indictment of the grand jury. If this last contention be correct, it must be for the reason that the amendment had the effect of changing the offense charged. This would be so only if the fact of former conviction, as originally alleged in the indictment, is an essential part of the offense, in the sense that burglary committed by one who has suffered a former conviction of burglary is an offense different in character from burglary committed by one who has not suffered such former conviction.

The inclusion in the charge of the allegation that the defendant had been convicted of burglary in New York was for the evident purpose of bringing the case within the terms of sections 667 and 668 of the Penal Code. Under

those sections, if the defendant is convicted of a crime in this state and it is alleged and proved that he had already been convicted of an offense punishable by imprisonment in the state prison, and had served a term therefor in a penal institution, or that he had been convicted in another state of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, then the defendant, upon conviction of the second crime, would be punishable by imprisonment in the state prison for the maximum period for which he might have been sentenced if such offense had been his first offense. Under such circumstances the fact of the former conviction does not change the definition or character of the second offense. It affects only the severity of the punishment. "The object had in view in charging a previous conviction is not for the purpose of evidence as to the commission of the offense upon which the defendant is to be tried, but for the information of the court in determining the punishment to be imposed in case of conviction, as is clearly shown by sections 666 and 667 of the Penal Code." (*People* v. *Thomas,* 110 Cal. 41 [42 Pac. 256].) Our view of the question is made yet more clear by section 1158 of the Penal Code, which requires that the jury, if they find a verdict of guilty "of the offense with which he is charged," must separately find whether or not the defendant has suffered the alleged previous conviction; and, also, by section 1093 of the Penal Code, which provides that in cases where the indictment or information charges a previous conviction, and the defendant has confessed the same, the clerk, in reading the indictment or information at the trial, shall "omit therefrom all that relates to such previous conviction." Manifestly, the code would not have so provided if the charge of a previous conviction was, in legal contemplation, a part of the description of the offense for which the defendant is presently on trial.

[5] There is no merit in appellant's contention that the evidence is not sufficient to connect him with the alleged burglary. The witness Egnew, a watchman, unlocked a door and went into the place while the burglars were in the building. The affair occurred on a Sunday morning. Egnew saw the intruders, and his testimony directly identified the defendant as one of them. Without discussing other

79 Cal. App.—39

circumstances shown in evidence, this is sufficient to sustain the verdict as against the stated objection.

It only remains to consider the alleged errors in certain instructions given, and in the refusal of instructions requested by the defendant. The criticisms of instructions given relate to the instructions numbered 3, 5, and 1 in the clerk's transcript. In the absence of anything to indicate prejudicial error in either of these instructions, we deem it unnecessary to determine whether they were precisely correct in every detail.

[6] The complaint of appellant concerning instructions requested by him, and refused by the court, refers only to his instructions numbered 14 and 21. Number 14 relates to the presumption of innocence and the doctrine of reasonable doubt. Number 21 states the rule that evidence tending to prove opportunity for the commission of the offense does not, in itself, warrant the jury in finding the defendant guilty. Since the court instructed the jury very completely upon the burden of proof resting upon the prosecutor, and the presumption of innocence, and the right of the defendant to an acquittal if there remains any reasonable doubt of his guilt, we are satisfied that he was not prejudiced or injured in any respect by the failure of the court to give those particular instructions in the form requested by him.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 4, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1927.