Nathaniel SIMMONS, Appellant,

v.

UNITED STATES of America, Appellee.

Gladys SIMMONS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 11914, 11915.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 8, 1954.

Decided Dec. 23, 1954.

378

Mr. Albert J. Ahern, Jr., Washington, D. C., with whom Mr. James J. Laughlin, Washington, D. C., was on the brief, for appellants.

Mr. Lewis Carroll, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Robert J. Asman, Jr., and Frederick G. Smithson, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

▇ These appeals followed convictions on a number of counts charging violations of the narcotic laws.[*] The principal contention of appellants is that the court erred in not requiring the Government to call as a witness an informer who, at the behest of a police officer who did testify at the trial, had participated in the transactions which led to the convictions on several of the counts. This contention is inconsistent with Dear Check Quong v. United States, 82 U.S. App.D.C. 8, 160 F.2d 251, and we think the present case presents no reason for reconsideration of that decision.

▇ Error is also laid to the trial court's denial of oral motions made during the trial that the Government be required to produce for inspection by the defense certain notes or statements which the witness, testifying for the Government, had made during his investigation of the case. The motions were not within Rule 16 or Rule 17(c), Fed.R.Crim.P., 18 U.S.C., interpreted in Fryer v. United States, 93 U.S.App.D.C. 34, 207 F.2d 134, certiorari denied, 346 U.S. 885, 74 S.Ct. 135. That case accordingly is not applicable. Furthermore, the facts do not come within the limited situation discussed in Gordon v. United States, 344 U.S. 414, 418–419, 73 S.Ct. 369, 97 L.Ed. 447. Rather, we think Goldman v. United States, 316 U.S. 129, 132, 62 S.Ct. 993, 86 L.Ed. 1322, applies. The discretion there held to reside in the trial court in comparable circumstances cannot be said to have been abused in this case.

We have also considered other questions presented and find no ground for reversal.

Affirmed.

[*] 53 Stat. 271, as amended 58 Stat. 721, 26 U.S.C. § 2553(a) (1952); 53 Stat. 272, 26 U.S.C. § 2554(a) (1952); 53 Stat. 281, 26 U.S.C. § 2593(a) (1952); 35 Stat. 614, as amended, 21 U.S.C. § 174 (1952).