**UNITED STATES of America**

v.

**John Joseph FRANK.**

**No. 493–57.**

United States District Court
District of Columbia.

Jan. 30, 1959.

Nathan B. Lenvin, Edward N. Schwartz, Jerome L. Avedon, Dept. of Justice, Washington, D. C., for the United States.

Walter E. Gillcrist, Edward L. Carey, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Defendant has been indicted for violation of the Foreign Agents Registration Act of 1938, 22 U.S.C. §§ 612, 618 (1952). On December 9, 1957, after a trial before another judge of this court, a jury returned a verdict of guilty, but the Court of Appeals reversed and remanded for a new trial because of the admission of incompetent testimony. Frank v. United States, D.C.Cir.1958, 262 F.2d 695.

Defendant has filed six motions. They are:

(1) Motion for order directing Government to produce list of witnesses to be used at trial.

(2) Motion for order directing Government to produce certain material evidence.

(3) Motion to dismiss indictment for vagueness and indefiniteness.

(4) Motion to dismiss indictment on the grounds that the statute under which the indictment was returned is unconstitutional.

(5) Motion to dismiss indictment because the defendant's constitutional rights were violated when he was subpoenaed and testified before the grand jury which returned the indictment.

(6) Motion to dismiss counts one, two, three and four of the indictment for failure to state a crime against the United States.

Since it appears that Judge Letts heard Motions Nos. 3 through 6 and filed an order denying each of them, and since it further appears that the defendant raised these points in the brief submitted to the Court of Appeals, this Court will not reconsider them but will address itself solely to the first two motions.

■ The first of these motions addresses itself to the discretionary power of the Court since the defendant has not been charged with "treason or other capital offense". See 18 U.S.C. § 3432 (1952); United States v. Van Duzee, 1891, 140 U.S. 169, 11 S.Ct. 758, 35 L. Ed. 399; United States v. Palermo, D.C. S.D.N.Y.1957, 21 F.R.D. 11; United States v. Schneiderman, D.C.Cal.1952, 104 F.Supp. 405. The only reason advanced by the defendant for his request is that the list would apprise him of the need for certain rebuttal witnesses. That is, if the list failed to mention a particular Government witness, then he would know it was not necessary to subpoena a particular witness in rebuttal.

■ The Court is of the opinion that this reason is not so compelling that the Court should break from the usual holding that the defense is not entitled to a list of Government witnesses. Moreover, it is noted that the prosecution is not necessarily bound to call a witness whose name is furnished the defendant. Williams v. United States, 1927, 57 App. D.C. 253, 20 F.2d 269. Also, it is not unusual to permit the Government to use

a witness whose name was *not* furnished the defendant, even though the list was ordered. See United States v. Bryson, D.C.N.D.Cal.1954, 16 F.R.D. 431, 436. Therefore, even if the Court were of the opinion that the list should be ordered, the defendant could not be assured that certain of his witnesses were not necessary. Under these circumstances, the motion must be denied.

■ The second motion has three parts. The first part requests:

(a) "A copy of a report allegedly written or signed or dictated by the defendant, which the Government has informed counsel for the defendant that it has in its possession."

The Government has offered no objection to furnishing this report and the Court will therefore order its production without discussing the question of whether the defendant could compel the Government to furnish it had the Government objected.

The second part of the second motion requests:

(b) "The names of those persons whom the F. B. I. interviewed who were members of a theatrical troupe performing in Cuidad Trujillo, Dominican Republic, during the period January through March, 1956, and who confirmed the facts related to the F. B. I. by Maureen Marsh, who was also a member of said troupe, together with their addresses."

■ It is seen at the outset that the defendant is not seeking the statements, if any, that were made to the F. B. I. by the members of the theatrical troupe but only their names and addresses. The members of this troupe did not testify at the first trial and defense counsel claims to have tried to get the information through independent sources, but to no avail.

The defendant has submitted no pertinent authority which would require this Court to grant his motion. Instead, he has appealed to the discretionary power of the Court—presumably referring to Federal Rule of Criminal Procedure, rule 57(b), 18 U.S.C. And see Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 11 A.L.R.2d 635. Due to the questionable necessity for these names and addresses, the Court denies defendant's request.

The third part of the second motion requests:

(c) "Such other and further evidence which is material to the defense, is admissible, and presently unknown to the defendant."

■ Here, too, the defendant has submitted no pertinent authority which would require this Court to grant his motion. Clearly, Federal Rule of Criminal Procedure 16 is inapplicable since the Government has not been shown to have obtained any information "from or belonging to the defendant" nor has the Government been shown to have obtained anything "from others by seizure or by process".

■ Further, Federal Rule of Criminal Procedure 17(c) is inapplicable, even if the defendant's motion is treated as an application for a subpoena duces tecum. In the first place, the Court does not know what evidence is unknown to the defendant and the defendant has not sought to enlighten the Court. Secondly, this rule does not permit blunderbuss inspection of the Government's evidence in an attempt to learn something not known; it is not a discovery provision. 18 U.S.C. § 3500 (1952); Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879; United States v. Carter, D.C.1954, 15 F.R.D. 367. Moreover, the requirement of specificity of the documents or objects sought has here not been met. See United States v. Klock, D.C.N.D.N.Y.1951, 100 F.Supp. 230; United States v. Giglio, D.C.S.D.N.Y.1954, 16 F.R.D. 268; United States v. Brandt, D.C.N.D.Ohio 1955, 139 F.Supp. 367. Nor has good cause or an evidentiary connection been shown.

148

See Simmons v. United States, 1954, 95 U.S.App.D.C. 115, 220 F.2d 377; United States v. Jannuzzio, D.C.Del.1958, 22 F.R. D. 223; United States v. Iozia, D.C.S.D. N.Y.1952, 13 F.R.D. 335. The motion will be denied.

An order reflecting the above has been entered.