[Crim. No. 6472. Second Dist., Div. Two. Mar. 18, 1959.]

THE PEOPLE, Respondent, v. ROBERT ALEXANDER, Appellant.

Robert Alexander, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant, after a nonjury trial, was convicted of selling heroin (Health & Saf. Code, § 11500), having admitted prior conviction of a like offense. There was substantial dispute in the evidence and the finding of guilt is adequately supported.

Appellant appears in propria persona, complaining primarily of the absence from the trial of one Eddie Thomas who seems to have been an informer participating in arranging the transaction with defendant. Appellant claims to have been denied constitutional rights because he could not cross-examine said Thomas or subpoena him and asserts the result would have been different if Thomas had been present and testifying.

At the trial Officer Lloyd W. Williams, prosecution witness, revealed the name of Thomas, described him as a thin Negro about 30 years of age, height 5 feet 8 inches, weight 150 pounds and living at the Ruth Hotel on Fifth Street west of Stanford Street, in Los Angeles. He also said he had not seen Thomas since about the middle of April, 1958; the crime was committed on March 18, 1958 and the trial started on June 16, 1958.

The prosecution made its case through Officer Williams and a forensic chemist. At the close of Williams' testimony defense counsel (a deputy county public defender) informed the court that he would later move for a continuance of a week or two to enable him to locate Thomas. Though he declared Thomas to be a material and necessary witness he also said during a discussion of his prospective motion: ''I can realize the probabilities are somewhat limited that we could get anything of value from Mr. Thomas, but where we are faced with this proposition, it would seem to me we have potentially a witness who could be very valuable to the court, as far as the information concerning this transaction. I think actually it would almost deprive him of due process to fail to grant us a continuance to attempt to locate him.'' At the close of the prosecution's case a motion was made by defendant for a continuance of two weeks for the purpose of locating Thomas and same was granted. When the trial next convened the following stipulation was made: ''[S]tipulated that one James Conway, an investigator employed by the office of the Public Defender of Los Angeles County, has been called, sworn and testified as follows, that he received a request to attempt to locate an Eddie Thomas and received that request sometime subsequent to June 16, the date we were last here in court, and that he did proceed to the Ruth Hotel, 719 East 5th Street, Los Angeles, made inquiry there, and had the landlord check records back to at least the first day of January, 1958 and was unable to find anyone of that name even approximating the description given in the testimony of Officer Williams.'' That ended the matter and defendant then testified and was found guilty. The public defender, exercising the discretion conferred upon him by section 27706, subdivision (a), Government Code, has elected not to present the appeal on behalf of defendant.

█ Having received what appears to be all the information possessed by the prosecutor concerning Thomas, and having been afforded two weeks' time to locate him, appellant asserts

a right to compel the prosecutor to locate and produce the witness for testimonial purposes. No cases are cited in support of this proposition, we know of none and apprehend that none can be found. Such a rule would be an unreasonable extension of the informer doctrine and we hold that it does not and should not exist. (*Cf. People* v. *Taylor*, 159 Cal.App.2d 752, 756 [324 P.2d 715]; *Dear Check Quong* v. *United States* (C.A.D.C.), 160 F.2d 251, 253; *Simmons* v. *United States* (C.A.D.C.), 220 F.2d 377, 378; *United States* v. *Gernie* (2 Cir.), 252 F.2d 664, 668-669.)

Contrasted with his attorney's expressed doubts about the value of Thomas' presence, appellant now asserts: "There is no doubt that if the prosecutions witness, Lloyd W. Williams, had testified truthfully at the trial, and the said accomplice, material and principal party of prosecution had been subpoen*ed* to Court and testified, this case would have been dismissed." This obviously hinges upon the giving of different testimony by Officer Williams and hypothetical corroboration by Thomas. Pure speculation.

 The assertion is made that defendant was convicted through perjured testimony known to the prosecution to be such. The reference is to Williams' testimony which the trial judge inferentially found to be true. There is nothing in the record except that bare testimony which could serve as basis for any inference that could be drawn that it was false and the police and district attorney aware of its falsity, and no such reasonable inference can be deduced therefrom.

There is no merit in this appeal.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied April 8, 1959, and appellant's petition for a hearing by the Supreme Court was denied May 13, 1959.