[Crim. Nos. 6612, 6613. Second Dist., Div. One. Sept. 29, 1959.]

THE PEOPLE, Respondent, v. JOSEPH SMITH, Appellant.

[Two Cases.]

Joseph Smith, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was charged in two indictments, consolidated for trial, with three counts of selling heroin in violation of section 11500, Health and Safety Code and one prior felony conviction. The court sitting without a jury found defendant guilty as charged and the prior conviction to be true, denied his application for probation and sentenced him to the state prison. He appeals from the judgments of conviction and orders denying motions for new trial.

As to Count I, the evidence discloses that on August 13, 1958, Officer Walton, in the company of one Landry, met defendant at 36th and San Pedro Streets. Defendant asked Landry what he wanted and he replied ''Give us two for seventeen cent,'' meaning two balloons of heroin for $17. After Landry and the defendant talked together, Landry said to the officer ''Take him (defendant) to his pad, he will give you the stuff.'' At defendant's direction the officer drove him to an address on Trinity Street, waited while he entered a house, and 10 minutes later received from him two balloons containing heroin for which he paid defendant $17.

As to Count II, the record shows that on August 18, Officer Walton and Landry drove to 36th and San Pedro where they again met defendant. Landry left the car and the defendant and Walton drove alone to a hot dog stand at 91st and Central where the officer gave him $18. The defendant left the car, returning 10 minutes later when they drove to another address and entered a house where defendant took a bindle from his pocket, transferred some of the powder to another and handed the heroin to the officer saying ''This is good stuff.''

Count III charged defendant and John Doe ''Duke'' with sale on August 15. Hollingsworth, an undercover narcotics officer driving alone, stopped for a stop sign at 36th and San Pedro Streets. It was raining and Duke, whom he had never

before seen, asked him for a ride up to 55th Street. The officer refused and told him he had to meet someone on Central who was supposed to bring him something. They talked briefly and Duke went into a café, got defendant, and they both entered the car. They discussed narcotics and the officer told defendant someone on Central was supposed to deliver to him a spoon of narcotics. Defendant said he had no spoons but did have $10 balloons. The officer asked him if he could get him two $10 balloons. Defendant said he could and told the officer to drive to a certain address on Trinity Street. When they got there, defendant left the car, returned, and gave the officer two balloons containing heroin for $19.

When arrested, defendant told police something of his narcotics activities and the name of his contact at the hot dog stand at 91st and Central, and the Trinity address; and after being confronted with the facts relating to the August 15 transaction, said "You got me. You sure got me."

At the end of the People's case, defendant moved for an order requiring the prosecution to produce Landry and Duke as "material witnesses." The deputy district attorney declared he had rested, was entitled to rely on the evidence as it stood and that the prosecution was under no duty to produce all witnesses. The motion was denied. The defendant neither took the stand nor offered any defense.

Appellant contends he was deprived of the right of examination and confrontation of "the police informers," in violation of the Sixth Amendment, United States Constitution, and article I, section 13, California Constitution, by reason of the district attorney's failure to produce Landry and Duke as witnesses. In advancing this position appellant seeks to extend the rule of disclosure to require the prosecution in a criminal case to produce the informer as its witness.

We are not here confronted with the ordinary problem arising out of the officer's failure to disclose the identity of an informer. Landry was clearly an informant and the officer freely divulged all he knew concerning him—his full name, detailed directions to the location of his home, a description of the house, the approximate address and, to the best of his recollection, the street number. However, it is obvious from the record that prior to the trial defendant knew perhaps even more about Landry than did the officer. Defendant's previous knowledge of Landry, his identity and where he could be found, and his unsuccessful effort to locate him prior to the trial are set forth in a stipulation entered into

between the deputy district attorney and the public defender to the effect that an investigator of the latter's office went to Landry's address and found he and his wife had left two months before and had not since returned; and that further investigation by him failed to disclose Landry's whereabouts.

As to Duke, the officer identified him as "John Doe Duke." There is nothing in the evidence to show he was ever an informer, the officer had ever known or heard of him before August 15, or that he ever saw Duke before or since. On the contrary, it is uncontradicted that Duke was not an informer, was a stranger to the officer and that their meeting on August 15 was purely accidental. The officer gave all of the information he had concerning Duke, describing him as a male Negro approximately 35 years of age with black hair, brown eyes and dark complexion. He did not know where he lived. Again it appears that defendant had more information concerning Duke than the officer. He told police after his arrest he had known him in San Quentin, thought his name was "Foster," had been released from San Quentin a month ahead of him (defendant), was on parole and "hangs around" at 36th and Trinity.

Duke does not appear to be an informer in the sense that he worked with the police or gave the officer any information concerning the defendant upon which he relied. In any event, it is apparent that the officer freely made disclosure· of all he knew about Duke; that the defendant long prior to the trial knew Duke's identity and where he might be found, which seems to rule out any claim of prejudice (*People* v. *McShann,* 50 Cal.2d 802 [330 P.2d 33]) ; and that John Doe "Duke," also an accused, was charged as a codefendant with appellant in Count III. There is nothing in the record to show any disposition of Duke's case, although a bench warrant was issued immediately after the indictment was returned, and as far as we know it is still outstanding. It seems hardly likely that, even if the district attorney knew Duke's identity and whereabouts, he would have been produced in court in the capacity of a People's witness in lieu of a defendant subject to prosecution on a felony charge.

In arguing that Landry and Duke were police informers and material witnesses, and for the failure of the prosecution to produce them he was deprived of the right to examine them, appellant relies upon a number of federal and California cases including *Roviaro* v. *United States,* 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639], and *People* v. *Lawrence,* 149

Cal.App.2d 435 [308 P.2d 821], for the general rule, now the law of this state, that the privilege to withhold the identity of an informer may not be invoked in a criminal case in which his identity is material to the defense and disclosure would result in denying the defendant a fair trial. However, it is clear from a careful study of the cases he cites, and recent pronouncements of our California Supreme Court, that the rule of disclosure of the identity of an informant does not extend to his production as a witness in court by the prosecution. The theory upon which the rule of disclosure making available to the defense the identity of the informant has developed, is to give the defendant an opportunity to uncover facts relating to the informer's participation; permit an independent investigation of the information purportedly given to the officer by him; allow the defendant to locate and interview the informant and subpoena him; and give him a fair opportunity to substantiate his denial, impeach the testimony of the officer and obtain information useful in the preparation of his defense (*People* v. *McShann,* 50 Cal.2d 802, 808-810 [330 P.2d 33]; *Priestly* v. *Superior Court,* 50 Cal.2d 812, 818-819 [330 P.2d 39]; *Mitchell* v. *Superior Court,* 50 Cal.2d 827, 829-830 [330 P.2d 48]). There is nothing in any of these cases that justifies, or even contemplates, requiring the prosecution to actually produce the informant as a witness under circumstances such as those at bar.

A contention similar to that made by appellant herein was advanced and rejected in *People* v. *Alexander,* 168 Cal.App. 2d 753 [336 P.2d 565]. Said the court at pages 754-755: "Having received what appears to be all the information possessed by the prosecutor concerning Thomas, and having been afforded two weeks' time to locate him, appellant asserts a right to compel the prosecutor to locate and produce the witness for testimonial purposes. No cases are cited in support of this proposition, we know of none and apprehend that none can be found. Such a rule would be an unreasonable extension of the informer doctrine and we hold that it does not and should not exist. (*Cf. People* v. *Taylor,* 159 Cal.App.2d 752, 756 [324 P.2d 715]; *Dear Check Quong* v. *United States* (C.A.D.C.) 160 F.2d 251, 253; *Simmons* v. *United States* (C.A.D.C.) 220 F.2d 377, 378; *United States* v. *Gernie* (2 Cir.) 252 F.2d 664, 668-669.)"

 Appellant contends he was thus deprived of the right of confrontation of witnesses in violation of the Sixth Amendment to the United States Constitution and article I, section

13, California Constitution. Such claim is fully answered in *People* v. *O'Neill*, 78 Cal.App.2d 888, at page 891 [179 P.2d 10] : ''That amendment (Sixth) is applicable only to proceedings in federal courts and not to those in state courts (*People* v. *Wallach*, 79 Cal.App. 605, 607 [250 P. 578]; *People* v. *Wilson*, 26 Cal.App. 336, 338 [146 P. 1048]. ██ Furthermore the right to be confronted with witnesses by a person charged with a criminal offense is the right to have witnesses testify in his presence and the right of the accused to cross-examine them. (*People* v. *Schwarz*, 78 Cal.App. 561, 579 [248 P. 990].) There is no requirement in either the federal or the state Constitution that all witnesses or persons who may have knowledge of the crime be produced in court or called to testify.'' A like issue was raised in *People* v. *Taylor*, 159 Cal.App.2d 752 [324 P.2d 715], also a narcotics case, wherein the court concluded at page 756 : ''The right of the accused to be confronted with witnesses is the right to have the witnesses testify in his presence and the right of the accused to cross-examine them; it is not required that all witnesses or persons who may have knowledge of the crime be produced in court or called to testify.'' ██ The rule as we know it in this state is well stated in *People* v. *Wein*, 50 Cal.2d 383, at page 403 [326 P.2d 457], citing *People* v. *Tuthill*, 31 Cal.2d 92 [187 P.2d 16] : ''There is no compulsion on the prosecution to call any particular witness . . . so long as there is fairly presented to the court the material evidence bearing upon the charge for which the defendant is on trial.'' (*People* v. *O'Neill*, *supra*, 78 Cal.App.2d 888; *People* v. *McCrasky*, 149 Cal.App.2d 630 [309 P.2d 115]; *People* v. *Lopez*, 169 Cal.App.2d 4 [336 P.2d 614].)

We cannot say on the record before us that a fair presentation of the material evidence in the prosecution of all three counts was not made to the trial court. ██ Nor do we find it necessary that the testimony of the one officer that appellant sold him the narcotic in each instance be corroborated (*People* v. *Johnson*, 99 Cal.App.2d 559 [222 P.2d 58]). As to the need for corroboration in a narcotics case, we refer to the language in *People* v. *McCrasky*, 149 Cal.App.2d 630, at page 635 [309 P.2d 115] : ''It was not necessary that the prosecution call a corroborating witness to support the testimony of Officer Greene because this is not the type of case in which the law requires corroboration. (*People* v. *Gebron*, 124 Cal.App.2d 675, 676 [268 P.2d 1068]; Code Civ. Proc. § 1844).''

For the foregoing reasons the judgments and orders denying motions for new trial are affirmed.

Fourt, Acting P. J., and Shea, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1959.

*Assigned by Chairman of Judicial Council.