[Crim. No. 6745. Second Dist. Div. Three. Feb. 5, 1960.]

THE PEOPLE, Respondent, v. CLARENCE LOLLIS,
Appellant.

Clarence Lollis, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

FORD, J.—The defendant has appealed from a judgment of conviction of the offense of violation of section 11500, Health and Safety Code, a felony. By way of indictment it was charged that he did "sell, furnish and give away a narcotic, to wit, heroin." While the document entitled "Notice of Appeal," filed by appellant in propria persona, is not skillfully drawn, it will be liberally construed so as to permit a hearing

on the merits. (*People* v. *Robinson*, 43 Cal.2d 143, 145 [271 P.2d 872].)

When the case was called for trial, a trial by jury was waived by the defendant personally, by his counsel, and by the People. It was stipulated that the case in chief for the People would be submitted on the transcript of the evidence before the grand jury, the People and the defendant having the right to present further evidence if either so desired.

The only witnesses before the grand jury were William King and William Hollingsworth of the Los Angeles Police Department. Officer Hollingsworth testified that he knew a Clarence Lollis and that he had a transaction with him on August 1, 1958, in the county of Los Angeles. On that day at about noon, another person and the officer met Lollis at 36th and San Pedro Streets. The other person and Lollis got into a car and drove around the block and returned. The other person called the officer over to the car. As to the transaction which formed the basis of the charge, the officer testified: "As I approached, the other person asked me how many did I want, one or two? I said I wanted two. At this time Clarence Lollis got out of the car and came up beside me. I asked the other person how much did he want, and he said, 'Give the man $18.00.' I gave Clarence Lollis $18.00. The other person, Clarence Lollis and I walked over and got into my car; we drove to Adams where Clarence Lollis gave me two balloons of a white powder." The witness identified the exhibit shown him as being the balloons and white powder. William King, a forensic chemist employed by the Los Angeles Police Department, testified that, in his opinion, the white powder contained heroin, a narcotic.

At the trial, Officer Hollingsworth identified the defendant as being the Clarence Lollis with whom he had had the transaction as to which he testified before the grand jury. On cross-examination, the witness said that he did not recall how the man with whom he talked at 36th and San Pedro Streets was dressed and that there was nothing about that man, which would distinguish him from any other man, that particularly attracted the officer's attention.

The defendant testified in his own behalf. He denied that the transaction to which the officer had testified ever occurred. He further said that on the 1st day of August, 1958, he had the scar across his nose which was present at the time of the trial. On cross-examination, he admitted that he had had two prior convictions of a felony, each being for possession of narcotics.

In rebuttal, Officer Garrahan testified as to a conversation with appellant after his arrest. In the conversation appellant denied, in substance, the transaction.

The date upon which the matter was submitted on the transcript of the evidence before the grand jury, with the right reserved to each party to offer further evidence, was December 5, 1958. The matter was then continued to December 18, 1958, and, subsequently, to December 22, 1958, at which latter time such further evidence was received. However, on October 22, 1958, appellant, through his attorney, made a motion that the People be compelled to reveal the identity of the other person who had participated in the transaction as related by Officer Hollingsworth before the grand jury. At that time, the officer testified under examination by appellant's counsel. Such testimony is set forth in a footnote to this page.[1] As there noted, the request of appellant for a continuance "for the purpose of attempting to locate the participants" was granted. On the date to which the matter was continued, November 7, 1958, it was again continued to December 5, 1958, at the request of the defendant. On December 22, 1958, in the course of the cross-examination of Officer Hollingsworth, further inquiry was made as to the description of Albert Landry and as to his place of residence. No further request for a continuance was made.

Appellant contends, as he apparently did on his motion for a new trial, that the People should have been required to

---

[1] "Q. Officer Hollingsworth, you testified at the Grand Jury hearing, August 1, 1958 at approximately 12:00 noon another person and yourself met Clarence Lollis at 36th and San Pedro. What was the name of that other person, sir? A. Albert Landry. Q. Now, does he have a nickname? A. I think his nickname is Ibou. Q. When was the last time you saw Mr. Landry? A. I would say about the latter part of August, sir. Q. Do you know his present whereabouts? A. No, sir, I do not. Q. Do you know where he was living in July of this year? A. On Adams Boulevard, sir. Q. Near what cross street, sir? A. Between Central and Griffith, sir. Q. And was it on the north or south side of the street? A. North side. Q. Would you describe the house, please? A. It was a large rooming house, brown imitation brick, and it was an apartment house. Q. When did you first meet Mr. Landry? A. I do not remember, sir. Q. Was it in the year 1958? A. It was in 1958, sir. Q. Was he introduced to you by some person? A. Yes, sir, he was. Q. The name of that person, sir? A. Sergeant Logue of the Police Department, sir. Q. As I understand it, Mr. Hollingsworth, at the present time you have no knowledge of the present whereabouts of Mr. Landry? A. That is correct. MR. LITTLE-FIELD: That is all, your Honor. At this time the defendant will move for a continuance for the purpose of attempting to locate the participants. THE COURT: All right. Give us a date. THE CLERK: November 7th, your Honor. THE COURT: Motion for continuance is granted. The Lollis case is continued to the 7th day of November at 9:15."

produce Albert Landry so that he would have been available as a witness at the trial. The foundation for appellant's contention was established by the deputy public defender in the proceedings on October 22, 1958, wherein he stated as follows: "MR. LITTLEFIELD: Before we go into this the defendant will make a couple of motions. The first one will be that the People be required to produce at the trial of this case the person who Officer Hollingsworth mentioned in his testimony. This motion is based on the 5th, 6th and 4th Amendments of the Constitution of the United States and Article I, Section 13 of the State of California. . . . Well, your Honor, there is another motion now which is that the People be required to produce the third person who was allegedly present at the time." That motion was denied.

█ It is clear that, before the prosecution could be permitted to proceed, appellant was entitled to know the identity of the other person who was said by Officer Hollingsworth to have been present when the transaction occurred, whether such third person was a participant therein or an eyewitness-nonparticipant. (*People* v. *Williams,* 51 Cal.2d 355 [333 P.2d 19]; *People* v. *McShann,* 50 Cal.2d 802, 808 [330 P.2d 33].) This information was furnished appellant. (See *People* v. *Diaz,* 174 Cal.App.2d 799 [345 P.2d 370].) But appellant's contention would require more, namely, the People's production of Landry at the trial. Such position is unsound. A full and adequate discussion of the question thus presented is found in *People* v. *Smith,* 174 Cal.App.2d 129 [344 P.2d 435], and it need not be repeated here. █ The purpose of requiring disclosure is succinctly stated in *Mitchell* v. *Superior Court,* 50 Cal.2d 827, at page 830 [330 P.2d 48]: "The value to defendants of disclosure is that it might enable them to obtain information useful in their defense at the trial. It cannot be presumed that the superior court will erroneously deny disclosure at the trial or fail to grant a continuance if it is necessary to enable defendants to locate and interview the informers in the preparation of their defense." In *People* v. *Alexander,* 168 Cal.App.2d 753 [336 P.2d 565], it was said of a similar contention (pp. 754-755): "Having received what appears to be all the information possessed by the prosecutor concerning Thomas, and having been afforded two weeks' time to locate him, appellant asserts a right to compel the prosecutor to locate and produce the witness for testimonial purposes. No cases are cited in support of this proposition, we know of none and apprehend that none can be found. Such a rule

would be an unreasonable extension of the informer doctrine and we hold that it does not and should not exist. (*Cf. People* v. *Taylor,* 159 Cal.App.2d 752, 756 [324 P.2d 715]; *Dear Check Quong* v. *United States* (C.A.D.C.), 160 F.2d 251, 253; *Simmons* v. *United States* (C.A.D.C.), 220 F.2d 377, 378; *United States* v. *Gernie* (2 Cir.), 252 F.2d 664, 668-669.)''

Appellant also attacks the sufficiency of the evidence. But, upon this appeal, the evidence and the inferences to be reasonably deduced therefrom must be viewed in the light most favorable to the People. This court may not reweigh the evidence or resolve conflicts therein in favor of appellant. The weight to be given to the evidence was a matter exclusively within the domain of the trial court. (*People* v. *Flummerfelt,* 153 Cal.App.2d 104, 105 [313 P.2d 912].) There is no requirement that the officer's testimony be corroborated in a case of this character. (*People* v. *McCrasky,* 149 Cal.App.2d 630, 635 [309 P.2d 115]; *People* v. *Garza,* 160 Cal.App.2d 538, 541 [325 P.2d 200].) The specific attack upon the credibility of the witness Hollingsworth because he made no reference to a facial scar of appellant is of no avail. The credibility of that witness was a matter for determination by the trial court. (*People* v. *Valencia,* 156 Cal.App.2d 337, 342 [319 P.2d 377].) Appellant is in no position to raise the claim of hearsay as to any evidence in the transcript of testimony before the grand jury since such evidence was received at the trial pursuant to a stipulation to which he was a party. (*People* v. *Brown,* 145 Cal.App.2d 778, 782 [303 P.2d 68].)

Appellant also raises the issue of entrapment. Such defense was not raised at the time of trial. (See *People* v. *Branch,* 119 Cal.App.2d 490, 495 [260 P.2d 27].) The defense of appellant at that time was that he did not commit the act charged. The defense of entrapment would not have been consistent with such position. (*People* v. *Johnson,* 99 Cal.App. 2d 559, 562 [222 P.2d 58]; *People* v. *Lee,* 9 Cal.App.2d 99, 109 [48 P.2d 1003]; see *People* v. *Evans,* 134 Cal.App.2d 733, 737 [286 P.2d 368].) But, in any event, entrapment is a positive defense as to which a defendant asserting it has the burden of showing that he was induced to commit the act for which he is on trial. (*People* v. *Terry,* 44 Cal.2d 371, 372 [282 P.2d 19].) There was no basis for such a defense in this case. As aptly stated in *People* v. *Richardson,* 152 Cal. App.2d 310, at page 318 [313 P.2d 651]: ''Moreover, there was an utter lack of evidence of any persuasion or inducement

being used to get him to commit any crime, other than the ordinary conversation that would take place between a willing buyer and a willing seller. (See *People* v. *Evans,* 134 Cal.App. 2d 733, 737 [286 P.2d 368].) Assuming Slim to be an informer, no inference of unlawful entrapment arises from the fact that Slim solicited appellant. (See *People* v. *Alamillo,* 113 Cal.App.2d 617, 620 [248 P.2d 421].)''

Appellant presents other contentions. They are without merit and will be mentioned briefly. ▮ He claims that he was arrested without a warrant but there is no support in the record for that contention. We must presume that a warrant was issued pursuant to the indictment. The arresting officer is not required to show the warrant to the person arrested, unless requested to do so, and then only ''as soon as practicable.'' (Pen. Code, § 842; see *People* v. *Brite,* 9 Cal.2d 666, 685 [72 P.2d 122].) ▮ Appellant asserts that bail ''was never set by a magistrate,'' but the record shows that when the indictment was presented to the court and filed, bail was set in the amount of $5,000. A judge of the superior court is a magistrate. (Pen. Code, § 808.) ▮ He further complains of delay in his arraignment, but, in the absence of a showing of a prejudicial effect arising therefrom, it does not constitute a sound ground of attack upon the judgment of conviction. (*People* v. *Stroble,* 36 Cal.2d 615, 626 [226 P.2d 330]; *People* v. *Boyden,* 116 Cal.App.2d 278, 286 [253 P.2d 773]; *People* v. *Collins,* 117 Cal.App.2d 175, 181 [255 P.2d 59]; *People* v. *Guarino,* 132 Cal.App.2d 554, 558 [282 P.2d 538]; cf. *People* v. *Speaks,* 156 Cal.App.2d 25, 37 [319 P.2d 709]; *People* v. *Grace,* 166 Cal.App.2d 68, 78-79 [332 P.2d 811]; *Rogers* v. *Superior Court,* 46 Cal.2d 3, 10 [291 P.2d 929].) In the Boyden case, *supra,* the court said at page 286: ''The test seems to be whether the violation of the constitutional and statutory rights of an accused immediately after his arrest appears to have materially affected the outcome of his trial. The situation presented here is not like that in the cases cited by appellant where judgments of conviction were reversed because of fundamental defects in the conduct of the trial due to the denial to an accused of fair, orderly trial procedure.

''We find herein no showing of misconduct on the part of law enforcement officers which appears to have materially affected the result of the trial or made the trial itself unfair. A reversal of the judgment on the claimed ground of breach of due process is, therefore, not warranted.''

The record shows that, at the time of arraignment, the public defender was appointed by the court to represent appellant. We must presume, in the absence of anything in the record to the contrary, that defendant was given a copy of the indictment and of the grand jury transcript.

Appellant was represented by a deputy public defender until December 5, 1958, when at his request private counsel undertook to represent him. Such counsel acted for appellant during the course of the trial but appellant appeared for himself at the time of the motion for a new trial and when judgment was pronounced. Appellant was afforded a fair trial and no meritorious claim of error has been presented.

The order denying the motion for a new trial and the judgment are affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 30, 1960.