[Crim. No. 247. Fourth Appellate District.—May 27, 1933.]

THE PEOPLE, Respondent, v. JOHN HENRY CORBIN, Appellant.

John Henry Corbin, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged in an information filed by the district attorney of San Diego County with the crime of burglary, and with having been convicted of two prior felonies. From the evidence it appears that about 1 o'clock on the morning of January 7, 1933, the owner of a cafe in the city of San Diego left the same with some friends, leaving both the front and rear doors locked. When the party returned about 4 o'clock the same morning they saw the defendant standing inside the cafe but he escaped after prying a lock from a rear door. He was seen running from the premises by a police officer and after a chase was apprehended by other officers. When caught he had in his possession a number of instruments for picking locks, a butcher-knife, several hack-saw blades, one of which was sewed in the lapel of his coat, and certain money and personal property which was shown to have been taken from the cafe. During the progress of the trial it developed that the record as to one prior conviction was not properly authenticated and the charge as to that prior conviction was withdrawn. The jury found him guilty of burglary in the first degree and also found in favor of the People upon the remaining charge of a prior conviction. A motion for a new trial was denied and judgment was pronounced, from which judgment this appeal is taken.

 The first point raised is that the court erred in denying a request for a continuance. The defendant was brought in for arraignment on January 17, 1933, and being without counsel, E. G. Langford was appointed by the court to defend him and, at his request, the arraignment was continued to January 19, 1933. On that day he was arraigned and entered a plea of not guilty, also denying that he had suffered the two prior convictions. At the same time the case was set for trial for January 27, 1933, at which time it was continued to January 31, 1933. When the case came on for trial on that day, with a jury panel present, Mr. Langford asked that he be relieved from serving as counsel for defendant and that Mr. Hache be substituted in his place. Mr. Hache was present and the court asked the defendant if this substitution was satisfactory to him, to which he replied that it was. Thereupon the court informed Mr. Langford that he was relieved from further service, and Mr. Hache was appointed as such counsel. The court then asked if both sides were ready and, receiving affirmative replies, a jury was ordered drawn. At that time Mr. Hache stated to the court that the defendant had just informed him that he would like to have a continuance. This motion was denied and the trial proceeded. No notice of such motion had been given and no proof was offered, in accordance with section 1050 of the Penal Code, that the ends of justice required a continuance. The record indicates that the new counsel was present in court, by arrangement with the other attorney at least, and further indicates that he was quite familiar with the case. The record not only discloses that the defendant was most ably and energetically represented by the counsel last appointed but no attempt whatever is here made to point out any prejudice resulting from the failure to grant a continuance. It is not claimed that any additional facts existed which could have been presented had more time for preparation been allowed, or that any evidence was improperly received because of counsel's lack of familiarity with the case. Nothing appears to show any abuse of discretion on the part of the trial court in making the order complained of.

 It is next contended "that the code section permitting the certified copies of prison records, such as pictures, finger-prints, as *prima facie* evidence is unconstitutional in

so far as it pertains to the identification of the defendant and appellant in this case''. While it is not clear what is here meant, apparently the contention is that section 969b of the Penal Code is unconstitutional, although no argument or authority is presented. The principles applicable have been passed upon in other connections and the point raised is without merit. (*People* v. *Osaki,* 209 Cal. 169 [286 Pac. 1025]; *People* v. *Nakamura,* 125 Cal. App. 268 [13 Pac. (2d) 805]; *People* v. *Morrison,* 125 Cal. App. 282 [13 Pac. (2d) 800, 803].) So far as identification is concerned the defendant was identified as the person formerly. convicted through finger-prints and the testimony of experts in that field.

 The last point raised is that the court was without jurisdiction to try the defendant for one prior conviction only. It is argued that there is no punishment provided for one prior conviction since the amendment in 1931 of section 667 of the Penal Code, and that ''there is no law in the state of California authorizing a trial court to increase the punishment for one prior conviction''. Again, it is not clear just what is meant, but apparently the contention is that the defendant cannot be charged with having suffered only one prior conviction. Aside from section 667 of the Penal Code, such a procedure is contemplated by sections 969 and 1202a of this code, and section 1158 makes it the duty of the jury to pass upon such a matter when a prior conviction is charged. In addition, under the terms of section 1168 of the Penal Code, the fact of one prior conviction is not only material in some cases in connection with fixing the minimum term, particularly where the defendant was armed. with a deadly weapon at the time the offense immediately in question was committed, but the same may also be material in passing upon a later application for parole. The trial court did not increase the punishment because of this prior conviction and in no way fixed the term of imprisonment. That function is to be performed by the state prison board in accordance with the statutes. The matter complained of could not affect the judgment appealed from and, in any event, we may not assume that the state board of prison directors will, in the future, fix any term not in conformity with the law.

The defendant was positively identified by a number of witnesses, the record shows that he had a fair trial and neither prejudicial error nor miscarriage of justice appears.

The judgment appealed from is affirmed.

Jennings, J., and Andrews, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 7, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 26, 1933.