[Crim. No. 3746. First Dist., Div. Two. Sept. 19, 1960.]

THE PEOPLE, Respondent, v. ROBERT T. DeLOSA, Appellant.

Marlin L. Kastama, under appointment by the District Court of Appeal, and Gallen & Hanna for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Defendant appeals from a judgment entered on a jury verdict finding him guilty of the sale of narcotics in violation of section 11500 of the Health and Safety Code. On appeal, it is argued that the defendant was denied a fair trial because of an alleged delay in the disclosure of the name of the informer-participant, and the trial court's refusal to grant a continuance due to the illness of the deputy public defender regularly handling the case. There is no merit in either of these contentions.

As the facts are not in issue, a brief summary will suffice. About 10 a. m. on February 14, 1958, Federal Narcotics Agent, John Lee, searched the informer, one John Glass. The two men drove to Burke's Drive-In at Market and Church Streets in San Francisco, then to 831-14th Street, and then returned to the drive-in. About 10:55 a. m., the defendant appeared in a 1957 Ford Thunderbird and approached the Glass automobile. Glass introduced Agent Lee as "Johnny from

Hawaii.'' After some negotiations, Agent Lee handed the defendant $40 and the defendant told them to await delivery of the stuff at his apartment at 831-14th Street. About 11:50 a. m., the defendant arrived at the apartment and handed Mr. Glass a bindle of heroin, which Mr. Glass handed to Agent Lee.

The first contention on appeal is that the appellant was prejudiced by the long delay in the disclosure of the name of the informant. As indicated above, the transaction occurred on February 14, 1958; the indictment was filed on March 13, 1958. The defendant was arrested some time between March 13 and March 19, the date of his arraignment. After the arraignment, the cause was continued by consent to March 21, 1958. On that date, the defendant moved for an order to have the prosecution furnish him with the name of the informant before trial. The matter was continued until March 26 for a hearing on the motion. On that date, his motion was denied and the matter continued to April 10 for the plea.

Thereafter, the defendant petitioned this court for a writ. By consent, 19 continuances were granted pending the determination of the petition for a writ. The writ was granted on December 10, 1958 (*DeLosa* v. *Superior Court,* 166 Cal. App.2d 1 [332 P.2d 390]). The petition for a rehearing was denied on January 9, 1959, and the Supreme Court denied a hearing on February 4, 1959. The remittitur was spread on the minutes on February 17, 1959. On the same day, at the time set for the plea, the prosecution disclosed the name of the informant. Subsequent continuances were granted, and the matter was tried on July 27, 1959. The essence of the defendant's argument is that he was prejudiced by and his defense necessarily hampered by the long delay in the disclosure of the name of the informant at a time properly in advance of trial. Our opinion in *DeLosa* v. *Superior Court, supra,* indicates that this court deferred submission of the case to await the ruling of the Supreme Court in certain cases involving the question of the defendant's right to the disclosure of the identity of claimed confidential informers. Furthermore, the record indicates that the disclosure was made several months before trial. Defendant also relies on *People* v. *Kiihoa,* 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673], but ignores the fact that in that case the facts were markedly different and the court found bad faith suppression of material evidence by the state. The court also carefully pointed

out at page 757 that the mere unavailability of a material witness would not necessarily result in a denial of due process in every case. Defendant argues that if the prosecution had acceded to his request when originally made, the informant would have been available. However, the record is devoid of any due diligence on the part of the defendant in searching for the informant, nor did he ask for a further continuance on the grounds that his witness was absent or unavailable.

The second contention is that the trial court erred in refusing to grant the defendant a continuance in order for his appointed counsel to prepare for trial. The record shows that when the cause was called for trial on July 27, 1959, Deputy Public Defender Dresow appeared and made a pretrial motion on the grounds that Deputy Public Defender Postel who had handled the case for 18 months was ill and could not attend. Apparently, it was impossible to estimate when Mr. Postel would be able to appear. Mr. Dresow stated to the court that while he did not think it would be fair to the defendant to deprive him of the services of Mr. Postel, his office was willing and able to proceed with the matter. The court after examining the many continuances granted after the determination of the matter by the appellate court (February 17-July 26) decided that the matter should go to trial.

The granting or refusing of a continuance rests in the sound discretion of the trial court (*People* v. *Bloemsma,* 171 Cal.App.2d 261, 266 [340 P.2d 350]). The defendant had absolutely no right to the service of a particular attorney (*People* v. *Chessman,* 52 Cal.2d 467, 491 [341 P.2d 679]; *People* v. *Manchetti,* 29 Cal.2d 452, 458 [175 P.2d 533]). The substitution of an attorney on the day of trial does not make it mandatory for the trial court to grant a continuance (*People* v. *McCann,* 34 Cal.App.2d 376, 378 [93 P.2d 643]; *People* v. *Simpson,* 31 Cal.App.2d 267 [88 P.2d 175]). Furthermore, Mr. Dresow stated that his office was prepared. The record discloses that the defendant was most ably and energetically defended by his appointed counsel. In view of the above, there does not appear to have been any abuse of discretion (*People* v. *Maddox,* 65 Cal. App.2d 45 [149 P.2d 739]; *People* v. *Hood,* 141 Cal.App.2d 585, 589 [297 P.2d 52]; *People* v. *Corbin,* 132 Cal.App. 324, 326 [22 P.2d 747]), or prejudice to the defendant.

Judgment affirmed.

Draper, J., and Shoemaker, J., concurred.