JEFFERSON, J.
 

 An indictment filed by the grand jury of Los Angeles County charged defendant with the sale of heroin in violation of section 11501 of Health and Safety Code in two counts. Defendant pleaded not guilty. Trial was by the court, trial by jury having been duly waived by defendant personally and all counsel. Defendant was found guilty as charged in Counts I and II. A probation report was ordered, and probation was denied. Defendant was sentenced to the state prison for the term prescribed by law, the sentences as to Counts I and II to run concurrently with each other.
 

 William Arthur J ones, a police officer for the City of Los Angeles, assigned to the narcotics division as an undercover agent, testified he met defendant in the vicinity of Market and Ocean Front Walkway in Yeniee. It was the first time the officer had met defendant, whom he then knew only as “Eddie.” Officer Jones asked defendant if he could “score some heavy stuff” for him. The officer testified he was familiar with the language used by persons using and dealing in narcotics, and in narcotics jargon this indicated the officer wanted to buy heroin. Defendant asked the undercover agent what he wanted, and the officer said, “Two caps.” Defendant then asked, “Do you have the bread?” (“Bread’’ referring in narcotics jargon to money.) The officer gave defendant $6.00.
 

 Defendant told Officer Jones to walk to Brooks and Pacific and wait on the corner. While the officer waited there, he saw defendant and several other persons driving by on Brooks Avenue. Someone in the car shouted to the officer to cross the street and wait in a telephone booth. While waiting in the telephone booth, the officer observed defendant enter a house at 809% Pacific Avenue. Defendant soon emerged from the house and walked west on Brooks Avenue until he was out of sight. In a few minutes, defendant returned with a male Mexican, who was then unknown to the officer but was later identified as Alex Soto, Defendant entered the telephone
 
 *677
 
 booth and took from his mouth a cellophane wrapped bindle which contained a whitish-brown substance, and handed it to Officer Jones along with $3.00. After defendant asked what he would get out of the transaction, the officer handed him a dollar bill. During this time, the person known as Alex Soto remained outside the telephone booth. Officer Jones took the bindle to the Police Administration Building where it was marked and sealed. The contents were booked at the central property division. At the trial it was stipulated that the bindle contained heroin.
 

 On January 18, 1961, Officer Jones, accompanied by a person known to him as “Mickie,” met defendant at Brooks and Pacific in Venice. Defendant got into the car. Officer Jones asked defendant “Alfonso, let’s try to score,” to which defendant answered, “Okay.” Defendant met a female codefendant (not appealing here) and advised her that Officer Jones, known to him as “Bobby,” wanted to buy three capsules. Defendant advised codefendant that the officer was “good people.”
 

 Officer Jones handed $10.00 to defendant who in turn handed it to codefendant. She disappeared and returned in about five minutes. After handing defendant a dollar bill which he in turn handed to the officer, codefendant asked defendant to leave with her. They returned in approximately 10 or 15 minutes and got into the ear.
 

 Codefendant directed Officer Jones to 24th Place and Speedway. She suggested they could “fix” there, but Officer Jones stated he would “fix” later. She and defendant got out of the car and walked north on Speedway. Codefendant suggested to Officer Jones that she wanted to see him “shoot at least a few drops.” She told defendant that it was up to him to “take the chance” on making the sale. After codefendant and defendant had gone into another room, defendant returned and asked the officer to go outside. Officer Jones and defendant walked to the officer’s ear which was located at 24th Place and Speedway about 100 feet from the house. Defendant handed the officer a red balloon which contained two capsules containing a whitish-brown powdery substance. Officer Jones took the balloon to the Police Administration Building where it was booked at the property division. The stipulation previously referred to also embraced these capsules as containing heroin. At the time of trial Officer Jones positively identified defendant as the person with whom he
 
 *678
 
 had the narcotics transactions on January 5 and January 18, 1961.
 

 Defendant did not take the stand in his own behalf.
 

 Defendant contends that he was not confronted with his accusers, and he claims that this was a violation of his constitutional rights. This contention is without merit. As stated in
 
 People
 
 v.
 
 Smith,
 
 174 Cal.App.2d 129, 134 [344 P.2d 435]: “Such claim is fully answered in
 
 People
 
 v.
 
 O’Neill,
 
 78 Cal.App.2d 888 [179 P.2d 10], at page 891: ‘That amendment (Sixth [TJ.S. Const.]) is applicable only to proceedings in federal courts and not to those in state courts [citations]. Furthermore the right to be confronted with witnesses by a person charged with a criminal offense is the right to have witnesses testify in his presence and the right of the accused to cross-examine them. [Citation.] There is no requirement in either the federal or the state Constitution that all witnesses or persons who may have knowledge of the crime be produced in court or called to testify.’... ‘There is no compulsion on the prosecution to call any particular witness ... so long as there is fairly presented to the court the material evidence bearing upon the charge for which the defendant is on trial. ’ [ Citations. ] ’ ’
 

 We cannot say on the record before us that a fair presentation of the material evidence in the prosecution was not made to the trial court.
 

 Defendant here was confronted by material witnesses to sustain the prosecution’s ease. He had ample opportunity to cross-examine, which was done.
 

 Penal Code section 686, subdivision 3, defines the right of the accused to confrontation of witnesses and the right of the accused to have witnesses testify in his presence and subject to his cross-examination. In the case here Officer Jones did testify in the defendant’s presence and was cross-examined by defendant’s counsel. Thus the right set forth in the code was complied with.
 

 It was stated in
 
 People
 
 v.
 
 Kiihoa,
 
 53 Cal.2d 748, 752 [349 P.2d 673], “The prosecution is not required to call any particular witness, nor to put on all the evidence relating to a charge so long as all material evidence bearing thereon is fairly presented in such a manner as to accord to the defendant a fair trial. [Citations.]”
 

 Defendant next contends he was denied compulsory process in obtaining witnesses. This contention is also without merit. The California constitution does provide to all de
 
 *679
 
 fondants the right to have the process of the court to compel the attendance of witnesses in his behalf. In the ease at bar, a subpoena had been served on the witness Soto, but the return was not filed in court. The trial was begun on July 19,1961, without any objection by defendant’s counsel. When the trial had been concluded, defendant’s counsel requested the court to have a bench warrant issued for Soto. A return of proof of service had been filed, but Soto had not appeared. The prosecution did not object to the issuance of a bench warrant when it was issued for defaulting Soto, and the trial was continued to August 1, 1961. Further continuances on defendant’s request were granted on August 16, August 23, and August 30, 1961. Bench warrants had been issued for witness Soto and another defaulting witness, Rio Alexander. The trial was later continued to September 6, 1961, at which time it was resumed with witness Alexander present. The record does not reflect as to whether the witness Soto was ever located. Subsequent proceedings were had on September 26, 1961. “The granting or refusing of a continuance rests in the sound discretion of the trial court. [Citations.] ”
 
 (People
 
 v.
 
 DeLosa,
 
 184 Cal.App.2d 681, 684 [7 Cal.Rptr. 753].)
 

 Defendant was granted several continuances. The court had issued bench warrants for the witnesses. There was no violation of any rights under the Penal Code or California Constitution. There was no duty on the part of the prosecutor or the law enforcement officials to give any further assistance to this defendant in obtaining these witnesses. There was no request for further continuances for defendant, nor did his counsel complain to the trial court concerning the absence of these witnesses at the trial. We find no error here.
 

 Defendant further contends the evidence as to his identification was insufficient. With this we disagree. Officer Jones positively identified defendant. He testified he had been with defendant or had seen him on several occasions. The officer identified defendant when he was in custody at the jail. He further identified him at the time of the trial as the man from whom he had purchased narcotics on January 5 and January 18, 1961. The trial court believed the officer even though defendant’s witnesses sought to discredit him. It is the exclusive province of the trier of fact to determine credibility of the witnesses. “This court may not reweigh the evidence or resolve conflicts therein in favor of [defendant]. The weight to be given to the evidence was a
 
 *680
 
 matter exclusively within the domain of the trial court. [Citation.] There is no requirement that the officer’s testi-' mony be corroborated in a case of this character. [Citations.] ”
 
 (People v. Lollis,
 
 177 Cal.App.2d 665, 670 [2 Cal.Rptr. 420].)
 

 As stated in
 
 People
 
 v.
 
 Casado,
 
 181 Cal.App.2d 4, 8 [4 Cal.Rptr. 851], “It is the trier of fact who must be persuaded beyond a reasonable doubt of the guilt of the defendant. The function of the reviewing court is to determine whether the evidence, if believed, is of sufficient character to justify conviction. [Citation.] ... The uncorroborated testimony of one police officer is sufficient to sustain a verdict of guilty of selling narcotics. [Citations.]”
 

 Judgment of conviction is affirmed.
 

 Burke, P. J., and Balthis, J., concurred.