[Crim. No. 8080.    Second Dist., Div. Four.    July 27, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ALFONSO
RUIZ RUIZ, Defendant and Appellant.

Russell E. Parsons, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Peter Graber, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—An indictment filed by the grand jury of Los Angeles County charged defendant with two counts of sale of heroin (in violation of section 11501 of the Health and Safety Code), occurring on or about January 5, and 18, 1961, respectively. Defendant pleaded not guilty. Trial was by the court, trial by jury having been duly waived and defendant was found guilty as charged. Probation was denied and defendant was sentenced to state prison for the term prescribed by law, sentences on each count to run concurrently with each other.[1]

Viewed from the point of view of the prosecution, a summary of the facts follows: William Arthur Jones, a police officer for the City of Los Angeles, assigned to the narcotics division as an undercover agent, testified that on January 5, 1961, he met defendant in the vicinity of Market and Ocean Front Walkway in Venice. It was the first time the officer had met defendant, whom he then knew only as "Eddie." Officer Jones asked defendant if he could "score some heavy stuff" for him. The officer testified that he was familiar with the language used by persons using and dealing in narcotics, and in narcotics jargon this indicated the officer wanted to buy heroin. Defendant asked the undercover agent what he wanted, and the officer said, "Two caps." Defendant then asked, "Do you have the bread?" ("Bread" refers in narcotics jargon to money.) The officer gave defendant $6.00.

Defendant told Officer Jones to walk to Brooks and Pacific and wait on the corner. While the officer waited there, he saw defendant and several other persons driving by on Brooks

---

[1]Defendant originally appealed from the judgment in propria persona, this court having denied his request for appointment of counsel. Thereafter, the judgment of conviction was affirmed and defendant's petition for rehearing was denied by this court. (*People* v. *Ruiz*, 205 Cal.App.2d 674 [23 Cal.Rptr. 236].) Thereafter, following the ruling of the U.S. Supreme Court in *Douglas* v. *California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], defendant filed a petition with this court entitled "Motion for Leave to File Writ of Habeas Corpus" which we have construed as a petition to recall the remittitur. The remittitur has been recalled, the judgment vacated and counsel appointed to represent defendant in this appeal.

Avenue. Someone in the car shouted to the officer to cross the street and wait in a telephone booth. While waiting in the telephone booth, Jones observed defendant enter a house at 809½ Pacific Avenue. Defendant soon emerged from the house and walked west on Brooks Avenue until he was out of sight. In a few minutes, defendant returned with a male Mexican, who was then unknown to the officer but who was later identified as Alex Soto. Defendant entered the telephone booth, took from his mouth a cellophane wrapped bindle which contained a whitish-brown substance, and handed it to Officer Jones along with $3.00. During this time, the person known as Alex Soto remained outside the telephone booth. Defendant then asked what he would get out of the transaction and Officer Jones handed him a dollar bill. Jones took the bindle to the Police Administration Building where it was marked and sealed. The contents were booked at the Central Property Division. At the trial it was stipulated that the bindle contained heroin.

On January 18, 1961, Officer Jones, accompanied by a person known to him as "Mickie," met defendant at Brooks and Pacific in Venice. Defendant got into the car. The officer asked defendant, "Alfonso, let's try to score," to which defendant answered, "Okay." Defendant then met Mary Armendariz (who was charged along with defendant in Count II of the indictment but was found not guilty), and advised her that Officer Jones, known to him as "Bobby," wanted to buy three capsules. Defendant advised Armendariz that the officer was "good people."

Officer Jones handed $10 to defendant who in turn handed it to codefendant Armendariz. She disappeared but returned in about five minutes, handing defendant a dollar bill, which he gave to the officer. Armendariz then asked defendant to leave with her. They returned in approximately 10 or 15 minutes and got into the car with Officer Jones. Codefendant directed Jones to 24th Place and Speedway. She suggested they could "fix" there, but Officer Jones stated he would "fix" later. She and defendant got out of the car and walked north on Speedway. When they did not return Jones walked to a house located at 12½ West 24th Avenue. He entered the house and found defendant and codefendant Armendariz. Codefendant stated that she wanted to see the officer "shoot at least a few drops." She told defendant that it was up to him if he wanted to "take the chance" on making the sale. After codefendant and defendant had gone

into another room, defendant returned and asked the officer to go outside. Officer Jones and defendant walked to the officer's car which was located at 24th Place and Speedway about 100 feet from the house. Defendant then handed the officer a red balloon which contained two capsules. In the capsules there was a whitish brown powdery substance. Officer Jones took the capsules to the Police Administration Building where they were booked at the property division. It was also stipulated that these capsules contained heroin.

Defendant maintains that he was denied due process of law at his trial because he was not confronted with his accusers. He asserts that since, according to the prosecution witness (Officer Jones), there were other persons present when the two alleged narcotics sales took place, because these persons were not called to testify against him, he was denied a fair trial. We find such an argument wholly untenable.

As stated by the court in *People* v. *Smith,* 174 Cal. App.2d 129, 134 [344 P.2d 435], quoting with approval the court in *People* v. *O'Neill,* 78 Cal.App.2d 888, 892 [179 P.2d 10], " '[T]he right to be confronted with witnesses by a person charged with a criminal offense is the right to have witnesses testify in his presence and the right of the accused to cross-examine them. [Citation.] There is no requirement in either the federal or the state Constitution that all witnesses or persons who may have knowledge of the crime be produced in court or called to testify.' " The prosecution is not required to call any particular witness " ' . . . so long as there is fairly presented to the court the material evidence bearing upon the charge for which the defendant is on trial. [Citation.]' " (*People* v. *Wein,* 50 Cal.2d 383, 403 [326 P.2d 457].) A police officer's testimony in a narcotics case does not require corroboration, (*People* v. *McCrasky,* 149 Cal.App.2d 630, 635 [309 P.2d 115]; *People* v. *Smith, supra,* 174 Cal.App.2d 129, 134; Code Civ. Proc., § 1844.)

In the instant case the record reveals that the prosecution fairly presented its evidence against defendant, properly confronting him with the witnesses against him; further, the court permitted extensive and searching cross-examination by his counsel.

Defendant asks this court to take additional evidence regarding the location of the telephone booth where the first of the two narcotics sales occurred, to show, defendant asserts, that the testimony of Officer Jones, was erroneous. Defendant states that he has been informed by the telephone company

that there was no telephone booth at the location where the officer had testified the first sale took place. ██ Even assuming the propriety of such action by this court in the light of *People* v. *Benford,* 53 Cal.2d 1, 7 [345 P.2d 928], defendant has not demonstrated that this purported evidence was unavailable at the time of trial. (*People* v. *Mayes,* 78 Cal. App.2d 282, 287 [177 P.2d 590] ; *People* v. *Benford, supra,* 53 Cal.2d 1, 7.)

The application to produce additional evidence on appeal is denied; the judgment of conviction is affirmed.

Burke, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1964. Mosk, J., did not participate therein.