Filed 4/21/25  P. v. Austin CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMY KINGSLEY AUSTIN,<br><br>    Defendant and Appellant. | 2d Crim. No. B337910<br>(Super. Ct. No. 1200367)<br>(Santa Barbara County) |

Jeremy Kingsley Austin appeals an order denying his request for resentencing under Penal Code section 1172.1.[1]  We appointed counsel to represent Austin on this appeal.  His counsel filed an opening brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, claiming that he was unable to find any arguable issues to brief.  Austin filed a supplemental brief.  We conclude, among other things, that the trial court did not err by denying his request for resentencing.  We affirm.

---

[1] All statutory references are to the Penal Code.

FACTS

In 2005, Austin was convicted of four counts of home invasion robbery (§§ 211, 213, subd. (a)(1)(A)), one count of criminal threats (§ 422), and one count of residential burglary (§ 459). The jury found he personally used a firearm in committing these offenses (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and was out on bail at the time he committed these offenses (§ 12022.1, subd. (b)). The trial court sentenced him to an aggregate term of 35 years in prison.

In 2024, Austin filed a "Motion for Invitation" for resentencing under section 1172.1.

The People filed an opposition claiming Austin lacked standing under section 1172.1. They also claimed that he did not fall within the positive resentencing factors of that section because: 1) he "had numerous disciplinary rule violations" while in prison; and 2) he had a youthful offender parole suitability hearing in 2024, he did not attend the hearing, and the parole board found he was "an unreasonable risk to public safety and denied parole for 5 years."

Austin challenged these claims. He presented certificates of completion of rehabilitation programs. He presented witnesses who claimed he had reformed and was no longer the type of person he was two decades earlier. The credibility and weight of that evidence were decided exclusively by the trial court. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

After a hearing, the trial court denied his request for resentencing finding it was premature and incomplete.

## DISCUSSION
### *Relief Under Section 1172.1*

Austin claims, among other things, that he has a right to resentencing under section 1172.1; the trial court abused its discretion by not considering the resentencing factors under that section; and it erred by denying a continuance of the hearing so that he could obtain additional rehabilitation evidence. We disagree.

Section 1172.1 permits the Department of Corrections and Rehabilitation or the court to initiate resentencing. But it "expressly denies defendants the right to file a petition for resentencing under that section." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 993.) Consequently, defendants who independently initiate and file these petitions are precluded from relief on appeal because they lack standing, and trial courts are not required to respond to their petitions. (*Ibid.*)

But here the trial court held a hearing and considered the resentencing factors of section 1172.1. It found Austin presented more recent reports showing evidence of rehabilitation that suggested he was not now considered a threat to other inmates. But the People noted that the relevant issue was whether he would be dangerous to the public if released from prison.

The trial court considered the recent parole board decision. Austin told the court that his counsel did not provide effective assistance for him at that parole hearing because he had not introduced available and positive rehabilitation evidence. The court carefully considered this claim.

The trial court found Austin's request for resentencing was premature and incomplete. It found he had not presented evidence of 1) a "Relapse Prevention Plan," 2) what he "intends to

3

do when he's released," and 3) "parole plans." These are relevant factors in determining whether a defendant would be a threat to public safety if released. (*In re Stevenson* (2013) 213 Cal.App.4tgh 841, 869.) It noted these were also issues the parole board wanted Austin to address. It ruled, "[T]he Parole Board Commissioners made their judgments based on what was in front of them, and they've identified a number of things that were not in front of them. Once they're in front of them and they make their determination I can review it . . . ."

Austin's counsel requested a continuance of the resentencing hearing to present evidence on these factors. Austin claims the trial court erred by not granting the continuance. We disagree.

The decision to grant or deny a continuance is within the sound discretion of the trial court (*People v. De Losa* (1960) 184 Cal.App.2d 681, 684), and Austin has not shown an abuse of discretion. It was Austin's burden at the hearing to present all relevant evidence in support of his request for resentencing. The trial court found he did not meet that burden.

But, even so, the trial court proposed another reasonable procedure for Austin to follow. It wanted him to request another parole board hearing, appear and answer the board's questions, and provide additional evidence, including the relapse prevention plan, his plans when released, and parole plans. It ruled it would again consider his resentencing request if he did that. It said, "[A] new parole hearing at which he's present ought to be held as soon as feasible or possible." If a new parole board hearing could not be promptly held, then Austin could return to court and seek relief.

Austin has not shown an abuse of discretion.

4

## DISPOSITION

The order is affirmed

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.