[Crim. No. 8111. Second Dist., Div. Four. Nov. 13, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. DUDLEY AUSBIE, Defendant and Appellant.

Dudley Ausbie, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Dudley Ausbie (defendant) and Sammie Pickens (not appealing), were charged by an information filed by the District Attorney of Los Angeles County with the crime of possession of a narcotic, heroin, in violation

of section 11500 of the Health and Safety Code. The information alleged four prior felony convictions against Dudley Ausbie, to wit, larceny from person on July 1, 1940; grand larceny on May 29, 1944; burglary on December 20, 1948, and illegal sale of heroin on February 11, 1958. Defendant entered a plea of not guilty and denied the prior convictions. Defendant personally and all counsel waived trial by jury.

Defendant did not testify in his own behalf but called codefendant as a witness. Defendant was found guilty and a probation report was ordered. Defendant and all counsel stipulated that the truth or falsity of the priors be submitted to the court for determination at the time of sentence. Defendant's motion for new trial was denied. The prior convictions were found to be true. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law.

Defendant petitioned this court for the appointment of counsel to represent him on appeal. This court, having made an independent investigation of the record and having determined that it would be neither advantageous to defendant nor helpful to this court to have counsel appointed, denied the application, whereupon defendant prosecutes this appeal in propria persona.

Joseph F. Spelman testified he was attached to the narcotics division of the Los Angeles Police Department; he, with two other officers (without a search warrant), went to an apartment house at 2727 South Budlong Avenue, Los Angeles, California. They kept apartment 23 under surveillance from 7:30 a. m. to 9:30 a. m. on July 21, 1961. They had received information that defendant was living in apartment 23 and he was dealing in narcotics. The officer observed from his vantage point codefendant Pickens approach the entrance of apartment 23, knock on the door and be admitted to the apartment. In a few minutes defendant came out of the apartment and proceeded down the hallway. He moved out of view and returned to apartment 23 in approximately five minutes. Someone from inside the apartment opened the door and was standing just in the doorway; defendant came up to the doorway and handed codefendant Pickens what appeared to be capsules. Codefendant looked in the officer's direction, threw up his hands and dropped the two capsules to the floor. Defendant attempted to close the door, but Officer Spelman pressed against it, entered the apartment and placed defendant under arrest. The two capsules were retrieved by his

fellow officer who also entered the apartment. A search of the apartment was made and a box containing 500 No. 5 capsules, a can of milk sugar and a large supply of balloons were found. The officer testified that in his opinion these objects were ordinarily used in the traffic of narcotics.

Officer Spelman made a search of defendant and found $1,021 in cash. He had a conversation with defendant in which defendant said "You didn't see me hand anything to anybody." Later defendant told the officer he purchased heroin in one-ounce quantities; that he cut it and got about 180 capsules to the ounce. These capsules were "ballooned" up with 10 to 12 capsules in each balloon which he then sold in balloon lots.

It was stipulated by all counsel that William King was deemed to have been called, sworn and testified; that he is a qualified forensic chemist; that he made an examination of the two capsules received in evidence; the capsules contained a whitish powder and under analysis it was his opinion the substance was heroin.

The codefendant Pickens testified he knew defendant Ausbie; he went to his apartment on July 21, 1961, to pay him a dollar; he entered the apartment and was standing in the doorway when the officer entered. He threw his hands up to protect his face from the door. He thought defendant Ausbie was going into his pocket to give him some change for his dollar bill. Defendant Ausbie did not hand him anything. Pickens admitted he had suffered three prior felony convictions.

Defendant contends both the arrest and the search were illegal and the evidence obtained as a result thereof should have been ruled inadmissible. This contention is without merit. ■ "Reasonable or probable cause for an arrest has been the subject of much judicial scrutiny and decision. There is no exact formula for the determination of reasonableness. Each case must be decided on its own facts and circumstances [citations]—and on the total atmosphere of the case. [Citations.] Reasonable cause has been generally defined to be such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime. [Citations.] Probable cause has also been defined as having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt. [Citations.] It is not limited to evidence that would be admissible at the trial on the issue of guilt. [Citation.]

The test is not whether the evidence upon which the officer acts in making the arrest is sufficient to convict but only whether the person should stand trial. [Citation.]" (*People* v. *Ingle,* 53 Cal.2d 407, 412-413 [2 Cal.Rptr. 14, 348 P.2d 577].)

The search of the premises followed as an incident to the arrest. The officers observed what they believed to be a narcotic transaction and without again reviewing the evidence suffice it to say the officers were justified in making the arrest and the search. (See *People* v. *McMurray,* 171 Cal.App. 2d 178, 185 [340 P.2d 335].)

Defendant further contends that Officer Spelman's testimony was inherently improbable and that there were inconsistencies in the officer's testimony. With this contention we disagree.

"Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. [Citation.] To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.]" (*People* v. *Penrice,* 195 Cal.App.2d 360, 363 [15 Cal.Rptr. 733].)

"In considering the sufficiency of the evidence to support a verdict, the appellate court determines only whether there is any substantial evidence in the record, either direct or indirect, contradicted or uncontradicted, which justifies the conclusion reached. [Citations.]" (*People* v. *Moore,* 196 Cal. App.2d 91, 96 [16 Cal.Rptr. 294].)

Defendant next contends "defense counsel relinquished the client's rights away" by stipulating to the testimony of the forensic chemist. This position is untenable. "Defendant was present and heard her attorney enter into the stipulations. She at no time objected thereto nor sought to be relieved therefrom, nor did her attorney make any such request in her behalf. No contention is advanced that the stipulations were not in accordance with the facts , , , defendant was not

prejudiced thereby." (*People* v. *Wilson*, 78 Cal.App.2d 108, 119 [177 P.2d 567].)

Defendant makes many other contentions and arguments in his opening and closing briefs. We have considered them all, including those in his closing brief (even though filed late in violation of Cal. Rules of Court, rule 17(b)*). We find no merit in any of them. No useful purpose would be served to review them here. Defendant was ably represented by counsel of his own choice. We find no error.

Judgment of conviction is affirmed.

Burke, P. J., and Ford, J.,† concurred.

A petition for a rehearing was denied November 27, 1962, and appellant's petition for a hearing by the Supreme Court was denied January 8, 1963.

---

*Formerly Rules on Appeal, rule 17(b).
†Assigned by Chairman of Judicial Council.