[Crim. No. 8111.   Second Dist., Div. Four.   Mar. 9, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. DUDLEY AUSBIE, Defendant and Appellant.

Martin J. Schnitzer, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Dudley Ausbie and Sammie Pickens (not appealing), were charged by information with the crime of possession of heroin in violation of section 11500 of the Health and Safety Code. The information alleged four prior felony convictions against Ausbie, to-wit: larceny from the person in 1940; grand larceny in 1944; burglary in 1948 and illegal sale of heroin in 1958. Ausbie entered a plea of not guilty and denied the prior convictions. He personally and all counsel waived trial by jury. The court found him guilty as charged and the prior convictions to be true. Motions for new trial and probation were denied and Ausbie was sentenced to the state prison for the term prescribed by law. Appeal is from the judgment of conviction.[1]

Appellant's sole contention on appeal is that his conviction was the product of an illegal search and seizure.

Joseph F. Spelman testified he was attached to the narcotics division of the Los Angeles Police Department. On July 21, 1961, he, with two other officers, went to an apartment house at 2727 South Budlong Avenue, Los Angeles. They had received information from an informer that defendant was living in Apartment 23 and that he was dealing in narcotics. They kept Apartment 23 under surveillance from 7:30 a.m. to 9:30 a.m. During this period Officer Spelman observed (from his vantage point in an apartment directly across the hall from Apartment 23) codefendant Pickens approach the entrance of Apartment 23, knock on the door and be admitted to the apartment. A few minutes later appellant came out of the apartment and proceeded down the hallway. He moved out of view and returned to Apartment 23 in approximately five minutes. When the door to the apartment was opened the officer observed appellant hand

---

[1]Appellant originally appealed from the judgment in propria persona. Thereafter the judgment of conviction was affirmed in *People* v. *Ausbie*, 209 Cal.App.2d 537 [26 Cal.Rptr. 86] and a petition for a hearing was denied by the California Supreme Court on Jan. 8, 1963. Following the decision in *Douglas* v. *California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], the remittitur was recalled, the judgment vacated and counsel appointed to represent appellant on this appeal.

codefendant Pickens what appeared to be two No. 5 capsules which, in the officer's opinion, based upon his experience as a narcotics officer, were used to hold narcotics. Suddenly, codefendant Pickens looked up, saw Officer Spelman, threw up his hands and dropped the two capsules to the floor. Defendant attempted to close the door, but Officer Spelman pressed against it, entered the apartment and placed defendants under arrest. The two capsules were retrieved by a fellow officer who also entered the apartment with Spelman. A search of the apartment was made and a box used to hold No. 5 capsules, a can of milk sugar and a large supply of balloons, were found. Officer Spelman testified that in his opinion these objects were ordinarily used in the traffic of narcotics.[2] Spelman searched appellant and found $1,021 in cash on his person.

It was stipulated by all counsel that William King was deemed to have been called, sworn and testified that he is a qualified forensic chemist; that he made an examination of the two capsules received in evidence; that the capsules contained a whitish powder which in his opinion was heroin.

Defendant did not testify in his own behalf but called codefendant Pickens as a witness. Pickens testified he knew defendant Ausbie; he went to his apartment on July 21, 1961, to pay him a dollar; he entered the apartment and was standing in the doorway when the officer entered. He threw his hands up to protect his face from the door. He thought defendant Ausbie put his hand into his pocket to give him some change for his dollar bill. Defendant Ausbie did not hand him anything. Pickens admitted he had suffered three prior felony convictions.

The prosecution clearly established that Officer Spelman had probable cause to arrest defendant. ■ A search without benefit of a warrant is proper if incident to a lawful arrest based on reasonable or probable cause to believe that the accused had committed a felony. (*People* v. *Torres*, 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823].)

■ ''Reasonable or probable cause is shown if a man of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty.'' (*People* v. *Torres, supra,* 56 Cal.2d 864, 866.)

---

[2]The two capsules which Officer Spelman had seen appellant hand to codefendant Pickens were admitted in evidence. None of the other items was offered in evidence.

Although the information supplied by an anonymous informer or informer of unknown reliability could not, standing alone, constitute probable cause for arrest (*People* v. *Gallegos,* 62 Cal.2d 176, 179 [41 Cal.Rptr. 590, 397 P.2d 174]), such information is sufficient, when corroborated, in essential respects, ". . . by other facts, sources or circumstances." (*People* v. *Reeves,* 61 Cal.2d 268, 273-274 [38 Cal.Rptr. 1, 391 P.2d 393]. See also *People* v. *Gallegos, supra,* 62 Cal.2d 176, 179.)

Here, the necessary corroboration was supplied when, immediately prior to the arrest, the arresting officer observed appellant handing the two capsules to codefendant Pickens; saw the furtive action of Pickens in dropping the capsules upon being observed; and of appellant, in attempting to close the apartment door.

We come now to a more serious problem confronting us, even though not raised by defendant's counsel, namely, whether *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], is applicable to the facts of this case. The following evidence was introduced:

Officer Spelman testified that he had a conversation with appellant at the Police Administration Building. During the conversation appellant at first denied that he handed any capsules to codefendant Pickens. Later, however, during the same conversation, although again denying that he handed any capsules to Pickens, appellant admitted to Officer Spelman that he purchased heroin in one ounce quantities; he cut it and got about 180 capsules to the ounce; these capsules were "ballooned up" with 10 to 12 capsules to each balloon which he then sold in balloon lots.

Since it is clear that appellant was in custody and was being interrogated by the police when he made the statements just alluded to which we believe are tantamount to a confession of guilt, and since the record is silent as to whether anyone informed defendant of his right to counsel or of his right to remain silent before such statements were elicited, it follows that, under the rules laid down by our Supreme Court in *People* v. *Dorado, supra,* 62 Cal.2d 338, 353-354, the judgment must be reversed.

The judgment of conviction is reversed.

Files, P. J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 5, 1965.