[Crim. No. 13990.    Second Dist., Div. Five.    Nov. 6, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH REMIJIO, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Plaintiff and Respondent.

DRUCKER, J. pro tem.*—The appellant was charged by information in count I with the crime of violation of section 11501 of the Health and Safety Code, sale of narcotics, and in count II with the crime of violation of section 11500.5 of the Health and Safety Code, possession of narcotics for sale. A jury trial was personally waived by the appellant and joined in by counsel. Pursuant to stipulation of counsel, personally agreed to by the appellant, the case was submitted to the court upon the transcript of the testimony given at the preliminary hearing. The appellant was found not guilty of the charge contained in count I and guilty of violation of section 11500 of the Health & Safety Code, possession of narcotics, a lesser offense necessarily included within the charge in count II. A motion for new trial was granted as to count II and the case was reset before the trial judge as a submission upon the transcript, the defendant reserving the right to testify. At the outset of the retrial on May 5, 1967, the court observed that the file jacket did not show the jury waiver and stipulated submission on the transcript as part of the proceeding on April 20, 1967, the day the new trial was granted. The court, counsel for the defendant and the prosecution all recalled that there was such jury waiver and submission upon the transcript. Upon suggestion of the deputy district attorney, a *nunc pro tunc* order was made as of April 20, 1967 to reflect the proceedings of that date to show that the defendant personally, and both counsel waived jury trial and agreed to submit the case upon the transcript. The appellant was again found guilty of violation of section 11500 of the Health and Safety Code, a lesser offense necessarily included within the charge set forth in count II of the information, and sentenced to state prison.

An appeal from the judgment of conviction is predicated upon the assertions that there was an illegal arrest and unlawful search and seizure, and that the evidence was not legally sufficient to convict the appellant.

In addition to the brief filed by his counsel, appellant was permitted to file a brief he prepared, which may be considered to be additional argument in support of the contentions raised

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

by his counsel, and an additional point that he did not personally waive a jury trial on April 20, 1967.

The evidence amply supports the finding of guilt by the trial judge. On November 21, 1966, an informant reported to a narcotic officer of the East Los Angeles station of the sheriff's department, that the defendant was selling narcotics from his home. Fellow officers had arrested the defendant two or three weeks prior thereto, for illegal use of narcotics. The officers had received numerous anonymous phone calls at the East Los Angeles station identifying themselves as neighbors of the defendant and reporting that the defendant had a lot of persons visiting his home.

The informant, whose name was disclosed at the trial, agreed to make a purchase. His person and car were searched and he was furnished ten dollars after the serial numbers of the currency were recorded. Four officers followed the informant's car to the defendant's home on the day of the 21st. They observed the informant knock and enter the front door of the defendant's home. After 10 or 15 minutes the informant came out of the side door and entered his car parked in front. The officers followed the informant back to the East Los Angeles station where he handed one of the officers a white balloon with several capsules containing a substance resembling heroin. The informant told the officers that he purchased the capsules from the defendant. The informant was in view of the officers at all times except for the period he was in the defendant's home.

The officers returned to defendant's home. In front of his home were the defendant and four other male persons. As one officer approached, the defendant looked in his direction and immediately ran into his house. The officer shouted "Sheriff's office. Stop." The defendant continued to run into the side door of the house, into the lavatory, followed by the officer. The defendant had one arm in the sleeve of a sweater and one foot out of the window of the lavatory when the officer apprehended him. When the defendant was brought back inside of the room the sweater fell to the floor next to the bathtub.

The defendant was arrested for violation of state narcotic laws and was advised by the officer of his constitutional rights. The officer returned to the bathroom area and recovered the sweater dropped by the defendant. He removed a bag from the pocket of the sweater. The bag contained 2 balloons with a total of 76 capsules containing heroin. The defendant admitted that the sweater and the bag and its contents were his. A

recorded one dollar bill was found in defendant's wallet, and nine dollars of the recorded money was found in the wallet of a visitor who was on the premises. The visitor explained that he came to defendant's house that evening to collect money that the defendant owed him.

A search without a warrant is proper where it is incident to a lawful arrest based on reasonable cause to believe that the accused has committed a felony. (*People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823]; *People* v. *Ingle,* 53 Cal.2d 407, 413 [2 Cal.Rptr. 14, 348 P.2d 577].

Reasonable or probable cause is shown if a man of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty. The test is not whether the facts on which the officer relies are sufficient to convict, but only whether the person should stand trial. (*People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823]; *People* v. *Fischer,* 49 Cal.2d 442, 446 [317 P.2d 967].)

It is apparent from the evidence that the officers had reasonable cause to make the arrest and to conduct the search incident to the arrest. The defendant had been arrested by the officers two or three weeks before for a narcotic violation; anonymous calls, purportedly from neighbors reported numerous persons visiting the home of defendant; information from an informant that the defendant was selling narcotics from his home; a purchase made by the informant under the surveillance of the officers; and the flight of the defendant when the officer identified himself, were sufficient to justify the officers in believing that the defendant was selling narcotics from his house. When information is received from an informant not known by the police to be reliable and there are substantial corroborating facts known or discovered, the arrest and search are proper. (*People* v. *Diggs,* 161 Cal.App. 2d 167, 171-172 [326 P.2d 194].)

The attempted escape of the appellant with his sweater, and the discovery of heroin in the sweater, coupled with the admission of the appellant that the sweater and heroin were his is sufficient and convincing proof of the essential elements of the crime of which the appellant was convicted.

In his "Propria Persona" brief, the appellant asserts that his constitutional rights under the Fourteenth Amendment of the United States Constitution were violated because the informer, whose name was disclosed at the trial, ". . . was never presented in Court . . ." The prosecutor is not

required to produce the informer for testimonial purposes. (*People* v. *Wilson,* 239 Cal.App.2d 358, 366 [48 Cal.Rptr. 638]; *People* v. *Alexander,* 168 Cal.App.2d 753, 754-755 [336 P.2d 565].)

■ The appellant in propria persona challenges the correctness of the *nunc pro tunc* order made by direction of the court on May 5, 1967, as of April 20, 1967, to show that the defendant, personally, his counsel and prosecuting attorney waived a jury trial. Appellant asserts that he did not personally waive a jury trial as the record states.

■ In the absence of proceedings to augment or correct the record, the reviewing court is ordinarily bound by the record as certified or presented to it for the determination of all questions raised by the appeal. (4 Cal.Jur.2d, p. 242, § 428.) The appellant was granted an order to augment the record by including the reporter's transcript of the proceedings of April 20, 1967. The reporter's transcript of April 20 does not show an express waiver of the jury by the defendant.

The court, counsel for the defendant and the deputy district attorney, all recalled that there was a jury waiver and submission of the case upon the transcript. It was based upon this collective recollection that the court ordered the correction of the clerk's minutes *nunc pro tunc.*

Errors of omission should be corrected in the trial court since it has the exclusive power to make such corrections. (*People* v. *Shannon,* 110 Cal.App.2d 153 [241 P.2d 1007].) However, it does not appear in the record that the trial court considered the absence of such jury waiver in the reporter's notes on April 20th, the date to which the *nunc pro tunc* order applied.

■ Section 7, article I of the California Constitution provides: "A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel . . ." In view of the sanctity of a right to a trial by jury in criminal cases and the evident purpose of the constitutional provision that no defendant should be deprived of that right unless he unequivocally and personally expresses his consent to such a waiver in open court (*People* v. *Holmes,* 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583]; *People* v. *Walker,* 170 Cal.App.2d 159, 166 [338 P.2d 536]), we deem it important to explore this matter further.

This matter first came to trial on February 3, 1967. Defense

counsel informed the court of the desire to waive jury. Upon direction of the court the deputy district attorney proceeded as follows:

"Mr. Montagna: Yes your Honor.

"Joseph Remejio, is that your true name?

"The Defendant: Yes.

"Mr. Montagna: In Case Number A-400,660, you are charged in Count 1 with a violation of Section 11,501 of the Health and Safety Code, namely that you did sell, furnish or give away a narcotic, to wit heroin; and in Count 2 with a violation of Section 11,500.5 of the Health and Safety Code, namely that you had in your possession for sale a narcotic heroin.

"The dates in both charges is the 21st of September, 1966.

"Now, you understand that this matter has been called for trial at this time and you have a right to have your guilt or innocence determined by twelve people sitting as a jury, or you may waive that right and have the Judge determine your guilt or innocence by himself.

"Do you understand that?

"The Defendant: Yes.

"Mr. Montagna: Do you give up your right to a trial by jury and consent to have the Judge try this case?

"The Defendant: Yes.

"Mr. Montagna: That is, the Judge alone will decide your guilt or innocence on the two Counts charged in this information.

"Do you understand that?

"The Defendant: Yes.

"Mr. Montagna: That is what you want to do?

"The Defendant: Yes."

The jury waiver was joined in by both counsel, and accepted by the court. Both counsel stipulated that the issues be submitted on the transcript. The defendant personally agreed to the submission after the effect thereof was explained to him.

The case was continued to March 9, 1967, the defendant testified and the cause was argued. The defendant was found not guilty of count I and guilty of violation of section 11500 a lesser and included offense within charge set forth in count II. The defendant employed new counsel. A motion for new trial was filed upon the grounds, based upon the declaration of the defendant and proposed witnesses, that the verdict is contrary to law or evidence, and newly discovered evidence.

In his declaration, the defendant states that on February 3, 1967, in department 116 "I waived my right to a jury trial, being fully apprised of the effect of such waiver and desiring my guilt or innocence to be determined by the Honorable Robert A. Wenke. . . ." He stated that he was assured by his first lawyer that he would be afforded the right to call witnesses whose names and addresses he furnished to his counsel, and that at no time until the day of trial did his first attorney advise him that the witnesses would not be called. The declaration also contains the following statement: "In the event that such new trial is granted, I desire that the Court read and consider the testimony taken at the preliminary hearing in the instant case, with the same force and effect as if the witnesses there were called, sworn and testified in the same manner at my felony trial, and in addition, that all stipulations entered into at the preliminary hearing be deemed entered into at my trial, and that all exhibits introduced at the preliminary hearing be introduced at my trial, subject to any objections of counsel and all the rulings of the Court and that a copy of the Reporter's Transcript be received in evidence at said trial. However, in addition to the foregoing, I wish to testify to the events leading up to and surrounding my arrest and also call as witnesses those persons whose declarations are attached and have them examined with respect to the matters contained in their declaration."

On April 20, 1967, the motion for new trial came on for hearing, the deputy district attorney stated the people had no opposition, the motion for new trial was granted without argument, and the court said, "We'll set it down for *court trial in this case [court]*," and defense counsel said "it will still be a submission, that part stands, . . ."

It is quite obvious that the essence of what the defendant was seeking was to vacate the finding of guilt and reopen the trial so as to enable him to present additional testimony.

In *People* v. *Ethridge,* 204 Cal.App.2d 279 [22 Cal.Rptr. 57], the appellant claimed he did not personally waive a jury trial, under circumstances almost identical with the instant case. The opinion in this regard, in *Ethridge* at page 284 is very appropriate to the circumstances recited herein. There the court said:

"The ruling herein was in favor of the defendant—he obtained what he was seeking—that is, a reopening of the trial so that the testimony of the additional alibi witnesses

would be included as a part of the evidence at the trial. It was obvious, of course, that such additional evidence could not be included as a part of that evidence if the defendant required a jury trial. There was no indication that he wanted a jury trial. He had just been acquitted on count 2 in a nonjury trial. He, personally, had waived a jury trial when the taking of the former testimony was commenced. Under the circumstances herein, his request that the court vacate the finding of guilt as to count 1 and then and there hear the testimony of additional witnesses, and his acceptance of the method of procedure announced and followed by the court, were tantamount to expressly and personally waiving a jury trial in the further proceeding. Defendant was not prevented from objecting to the procedure which was calculated to, and which did, afford him his requested opportunity of presenting additional evidence; and he was not deprived of the right of trial by jury."

There are additional factors in the instant case which further militate against appellant's contention. In his declaration filed in support of his motion for new trial the appellant acknowledged that he personally waived a jury trial when his trial first began and that he was apprised of the effect of such waiver and submission on the transcript, and "further understood that Judge Wenke would read the questions and answers propounded in that transcript and that the written transcript would have the same force and effect as if that same evidence was introduced at my trial." The appellant also asserted in his declaration that if the motion for new trial was granted, the issue of his guilt or innocence would be submitted to the court upon the testimony taken at the preliminary hearing subject to his right to call additional witnesses.

From the state of the record it appears that at the retrial, the appellant personally waived a jury trial. It also appears that the appellant had personally waived a jury trial when the taking of the former testimony was commenced. Under the circumstances related herein the appellant's request that the court vacate the finding of guilt by granting a "new trial" and hear testimony of additional witnesses, and his written statement that he would submit the issues on the transcript were tantamount to expressly and personally waiving a jury trial in the further proceeding. (*People* v. *Ethridge, supra,* 204 Cal.App.2d 279, 284.)

Appellant finally contends "that his prior waiver of a jury

for the first trial is an ineffective waiver of a jury for the new trial.'' In view of the conclusions reached herein it is not necessary to consider this point.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1968.