[Crim. No. 14668.   Second Dist., Div. One.   Nov. 20, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT EDWARD FARMER, Defendant and Appellant.

Josef Dubiel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was found guilty of possession of heroin (§ 11500, Health & Saf. Code); he appeals from the judgment.

On April 22, 1967, around 9:20 a.m., Officer Nelson, traveling in a police car, observed a vehicle leave a boulevard stop at about 10 miles per hour going in the opposite direction; the passenger (defendant) fit the description of a burglary suspect. He turned around and followed the vehicle which accelerated to 40 miles per hour according to the speedometer of the police car; the speed limit was 25 miles per hour. The other vehicle stopped and defendant got out; there was a brief conversation between defendant and the driver, codefendant Spruill. The officer had stopped directly behind Spruill and turned on the red lights of the police car; he watched defendant hurriedly walk south, drop a shiny silvery object about 75 feet south of the intersection and continue walking. Spruill then made a right turn and stopped 100 feet south, the police car following; when Spruill reached the curb after his right

turn and stopped, defendant had reached a point from 25 to 30 feet ahead of the cars. Officer Nelson got out of his car as did Spruill; they approached each other and the officer told Spruill he was driving too fast; he observed that the pupils of Spruill's eyes were contracted to the point where the blacks of the eyes were almost invisible and that he was very tranquil, almost stuporous. Experienced in narcotic work, Officer Nelson formed the opinion that Spruill was under the influence of an opiate. During this time defendant continued to walk and the officer asked Spruill where defendant was going and to call him back to the car, which he did; he also asked Spruill about his condition and the marks on his arms.

Defendant, who had returned to the vehicle, was very sweaty and the pupils of his eyes were dilated; Officer Nelson asked him if he was using heroin and defendant rolled up his sleeves saying, "I will show you"; there were marks on both arms similar to those the officer had observed on Spruill. Another officer was called to assist in the arrest; after his arrival and defendant's arrest, Officer Nelson went to the spot where he had observed defendant drop a shiny silvery object; he observed on the edge of the sidewalk in front of a vacant lot a package made of tinfoil which was shiny and silvery in appearance. Next to it lay a cellophane package. Both objects were dry despite the fact that the area was somewhat moist from a recent rainfall. The officer picked up the tinfoil and inside was a .26 gauge hypodermic needle and eyedropper; inside the cellophane bag were five balloons of various colors containing heroin.

The defense offered evidence of reports of burglaries in that district; they showed that there was no burglary near that time and they did not describe a suspect.

His claim that Officer Nelson had no probable cause to stop and arrest him is predicated on appellant's position that the vehicle was "lawfully" proceeding on a public highway and there was no suspicious conduct or reasonable cause to stop the vehicle or him. He advances a factual argument to show that Officer Nelson was not telling the truth—that there was no burglary in the area and no burglary suspect, the officer saw only his head and shoulders and not his clothing, he had only a vague description of the "supposed" burglary suspect and did not question him about a burglary; that it is highly improbable that the officer clocked the vehicle at 40 miles an hour since he had to make a U-turn and only traveled a short distance before coming to a stop and did not discuss issuing a ticket to Spruill; and that it is doubtful the officer saw him

drop anything and he was called back and arrested for possession of heroin before the officer walked back to the spot where he claimed he saw the narcotic dropped.

It is the exclusive province of the trial judge to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends (*People* v. *Lyons*, 47 Cal.2d 311, 321 [303 P.2d 329]); it is not for this court to determine conflicts in the evidence or to choose between different inferences which reasonably may be drawn from the evidence. (*People* v. *Hills*, 30 Cal.2d 694, 701 [185 P.2d 11].) Officer Nelson's testimony was considered by the trial judge whose finding gave credence thereto and it is binding on this court. (*People* v. *Crooker*, 47 Cal.2d 348, 352 [303 P.2d 753]; *People* v. *Mehaffey*, 32 Cal.2d 535, 548 [197 P.2d 12].)

Viewing the evidence in a light most favorable to the judgment and assuming in support thereof the existence of every fact reasonably deducible from the evidence (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Sweeney*, 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049]), we can only conclude, as did the trial judge in determining that there was probable cause, that Spruill was unlawfully exceeding the speed limit, that Officer Nelson believed defendant fit the description of a burglary suspect and that before the officer approached anyone and while stopped in his police car behind Spruill he saw defendant leave Spruill's car, engage in a brief conversation with him, hurriedly walk away and drop a shiny silvery object to the ground. It was only after this that Spruill was stopped.

"In this state . . . we have consistently held that circumstances short of probable cause to make an arrest may still justify an officer's stopping pedestrians or motorists on the streets for questioning." (*People* v. *Mickelson*, 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Stout*, 66 Cal.2d 184, 190-191 [57 Cal.Rptr. 152, 424 P.2d 704]; *People* v. *Schader*, 62 Cal.2d 716, 725 [44 Cal.Rptr. 193, 401 P.2d 665].) While if the circumstances warrant it an officer may request a suspect to alight from an automobile, it appears here that Spruill voluntarily left his vehicle and met the officer who was approaching him. After telling Spruill he was going too fast, the officer observed that he was under the influence of an opiate. Spruill's condition, together with defendant's previous furtive conduct of hurriedly walking away from Spruill's car and dropping an object to the ground, not only justified the officer in having Spruill call defendant to return

to the car for questioning but created circumstances under which the officer had the right and the duty to make a reasonable investigation. ▮ There is nothing improper about an officer approaching a pedestrian on the street for questioning when to a reasonable person such a course of conduct appears necessary to the discharge of his duty (*People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52]; *People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57]; *People* v. *Michael,* 45 Cal.2d 751, 752 [290 P.2d 852]), and circumstances short of probable cause to make an arrest may justify such action. (*People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658].)

▮ When defendant returned to the car the officer saw that he was very sweaty and the pupils of his eyes were dilated; then, asked if he was using heroin, defendant voluntarily rolled up his sleeves saying, "I will show you"; both arms showed marks similar to those on Spruill's arms. Shortly thereafter defendant was arrested. (*People* v. *Mickelson,* 59 Cal.2d 448, 452 [30 Cal.Rptr. 18, 380 P.2d 658].)

▮ An arrest may be made without a warrant whenever a police officer has reasonable cause to believe that the person to be arrested has committed a felony. (§ 836, subd. 3, Pen. Code; *People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) ▮ "Reasonable or probable cause is shown if a man of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty. (*People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823]; *People* v. *Fischer,* 49 Cal.2d 442, 446 [317 P.2d 967].)" (*People* v. *Cockrell,* 63 Cal.2d 659, 665 [47 Cal.Rptr. 788, 408 P.2d 116]; *People* v. *Hillery,* 65 Cal.2d 795, 803 [56 Cal.Rtpr. 280, 423 P.2d 208]; *People* v. *Stewart,* 62 Cal.2d 571, 577-578 [43 Cal.Rptr. 201, 400 P.2d 97].) ▮ Defendant's suspicious conduct of getting out of Spruill's car and dropping an object on the street together with his obvious physical condition and the marks on his arms were sufficient to lead an experienced narcotic officer to believe that before defendant dropped the packet he had heroin in his possession. The trial court determined that the facts and circumstances facing Officer Nelson at the time he made the arrest were sufficient to constitute reasonable cause therefor; we will not disturb the trial court's finding.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.